*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0301P (6th Cir.)
File Name: 03a0301p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

UNITED STATES OF AMERICA,
　　　*Plaintiff-Appellee,*

　　v.

No. 02-1128

BRENT W. KING,
　　　*Defendant-Appellant.*

───────────────

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 01-00173—Gordon J. Quist, District Judge.

Argued: May 1, 2003

Decided and Filed: August 25, 2003

Before: CLAY and GIBBONS, Circuit Judges;
CLELAND, District Judge.[*]

───────────────

## COUNSEL

**ARGUED:** Lawrence J. Phelan, HAEHNEL & PHELAN, Grand Rapids, Michigan, for Appellant. Timothy P. VerHey,

───────────────

[*] The Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation.

1

UNITED STATES ATTORNEY, Grand Rapids, Michigan, for Appellee. **ON BRIEF:** Lawrence J. Phelan, HAEHNEL & PHELAN, Grand Rapids, Michigan, for Appellant. Mark V. Courtade, UNITED STATES ATTORNEY, Grand Rapids, Michigan, for Appellee.

───────────────

## OPINION

───────────────

CLELAND, District Judge. Appellant/Defendant Brent King challenges the sentence imposed by the district court. Specifically, he asserts that the court was in error when it applied an enhancement pursuant to U.S.S.G. § 2K2.1(b)(5). For the reasons set forth below, we AFFIRM the judgment of the district court.

### I. FACTS AND PROCEDURAL HISTORY

On May 13, 2001, Battle Creek police officers responded to a complaint that a man was seen pointing a shotgun and threatening an individual at 47 South 22nd Street. When the police arrived at the above address, they witnessed Appellant pointing a pump-action shotgun at an individual named Billy Sisler. The officers noted that the shotgun was pointed at Mr. Sisler's face and chest. Upon discovering that the police had arrived, Appellant attempted to hide the gun in his sweatshirt and walk away. The police, however, ordered Appellant to drop the gun. When Appellant raised his hands in the air, the shotgun fell to the ground. The officers apprehended Appellant and recovered the gun--a Mossberg 12-gauge, pump-action shotgun loaded with five rounds of ammunition.

On July 26, 2001, an indictment was filed with the United States District Court for the Western District of Michigan. The indictment charged Appellant with one count of being a Felon in Possession of a Firearm in violation of 18 U.S.C.

§ 922(g)(1).[1] On October 3, 2001, pursuant to a six-page plea agreement, Appellant pleaded guilty to the charged offense.

Appellant's presentence report recommended that his offense level be increased by four points pursuant to U.S.S.G. § 2K2.1(b)(5) because Appellant used the firearm in connection with another felony offense, namely Assault With a Dangerous Weapon (Felonious Assault), when he pointed the firearm at the victim's chest and face. Although Appellant had been charged with Assault With a Dangerous Weapon (Felonious Assault) and Felony Firearm in state court, these charges were later dismissed on an order of *nolle prosequi* because Appellant was being prosecuted in federal court. On January 2, 2002, Appellant objected to the proposed enhancement. The court overruled Appellant's objection and held that the § 2K2.1(b)(5) applied.[2] On January 14, 2002, Appellant was sentenced to serve 77 months imprisonment. Appellant now argues that the district court erred when applying § 2K21.(b)(5), asserting that the conduct upon which he was convicted (Felon in Possession) was the same conduct the court used to enhance his sentence (Felonious Assault).

---

[1] At the time of the offense, Appellant had two prior felony convictions: (1) a March 30, 1995 conviction for Attempting to Carry a Concealed Weapon, and (2) a June 20, 1996 conviction for Attempted Home Invasion.

[2] An evidentiary hearing was conducted to address Appellant's objection, which asserted that Appellant had never pointed the shotgun at anyone when the incident occurred. The government presented the testimony of the officer who observed Appellant on the night of the arrest. Appellant presented three witnesses on his behalf. The trial court "[found] by a preponderance of the evidence that [the officer] was telling the truth when he testified that the defendant pointed the gun at Billy Sisler." (Sentencing Hr'g Tr. at 52.) Thus, the trial court applied the § 2K2.1(b)(5) enhancement. The trial court's factual findings are not at issue on appeal.

## II. STANDARD OF REVIEW

Appellant concedes that because he objected only to the presentence report's factual findings and not the report's legal conclusion regarding the sentencing enhancement, the court must review his current claim for plain error. *See United States v. Koeberlein*, 161 F.3d 946, 949 (6th Cir. 1998) (holding that the defendant's failure to object to sentencing decision in the district court does not preclude appellate review of the sentence for plain error under Federal Rule of Civil Procedure 52(b)). To establish plain error, Appellant must show "(1) that an error occurred in the district court; (2) that the error was plain, *i.e.,* obvious or clear; (3) that the error affected [Appellant's] substantial rights; and (4) that this adverse impact seriously affected the fairness, integrity or public reputation of the judicial proceedings." *Koeberlein*, 161 F.3d at 949. Finally, the court reviews *de novo* the district court's legal conclusions regarding the application of the Sentencing Guidelines. *United States v. Humphrey*, 279 F.3d 372, 379 (6th Cir. 2002).[3]

## III. DISCUSSION

United States Sentencing Guideline § 2K2.1(b)(5) provides that "if the defendant used or possessed any firearm or ammunition in connection with another felony offense . . . increase [the sentence] by four levels." U.S.S.G. § 2K2.1(b)(5). Appellant argues that the four-level

---

[3] In certain circumstances, the court reviews guideline decisions under a more deferential standard. *See United States v. Ennenga*, 263 F.3d 499, 502 (6th Cir. 2001). Such review has been held appropriate when the legal decision is closely intertwined with the factual conclusions reached by the district court. In this case, the dispute is purely a legal issue: Assuming Appellant committed a felonious assault when he pointed his firearm at the victim, does the sentencing enhancement for "us[ing] or possess[ing] any firearm or ammunition in connection with another felony offense," U.S.S.G. § 2K2.1(b)(5), apply where Appellant is convicted for being a Felon in Possession of a Firearm? Thus, the district court's legal determination will be reviewed *de novo*.

enhancement he received pursuant to this section was improper because the state law crime, felonious assault, occurred simultaneously with the offense of conviction and thus cannot constitute "another felony." Appellant relies on *United States v. Sanders*, 162 F.3d 396, 400 (6th Cir. 1998), wherein this Court held that the district court erred in applying § 2K2.1(b)(5) where the conduct that led to defendant's conviction for being a felon in possession of a firearm--the burglary of a pawnshop where guns were among the items taken--was the same conduct utilized to apply the four-level enhancement. The reasoning underpinning the *Sanders* decision, however, does not apply to the facts of this case. Further, more recent, albeit unpublished, case law from this circuit supports the district court's application of § 2K2.1(b)(5).

In *Sanders*, the defendants burglarized a pawn shop, taking firearms, electronics, and other items. They were eventually convicted for being felons in possession of firearms in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *See Sanders*, 162 F.3d at 397-98. The defendants did not use firearms during the course of the burglary. "Beyond the contemporaneous burglary . . ., there was not 'another felony offense,' and that burglary was the basis for the federal firearms offenses charged." *Id.* at 401. This Court found that the enhancement under § 2K2.1(b)(5) was improperly applied by the district court because there was no separation of time or distinction in conduct between the offense that led to the conviction and the conduct considered for the enhancement.[4] *Id.* at 400.

In this case, unlike *Sanders*, there is "a separation of time between the offense of conviction and the other felony offense, [and] a distinction of conduct between that occurring

---

[4] The court also based its decision on the language of Application Note 18, which states, "'another felony offense' . . . refer[s] to offenses other than . . . firearms possession or trafficking offenses."

in the offense of conviction and the other felony offense." *Id.* Appellant admitted to the probation officer that, on the night of the incident, he had an argument with individuals at the residence next to his girlfriend's home. He reported that he returned to his girlfriend's residence and retrieved his shotgun from the bedroom closet. He loaded the shotgun and concealed it beneath his shirt before returning to the neighbor's driveway. It reportedly took two minutes to retrieve the gun, load it with ammunition, and return to the driveway. According to the officers that arrived at the scene shortly thereafter, Appellant was pointing the gun at Sisler's face and chest. It is quite clear that Appellant possessed the gun well before he used it to assault Sisler. Upon storage of and then retrieval of the gun from his girlfriend's apartment, he was committing the crime of being a felon in possession of a firearm. Beyond mere possession, he took the further step of committing a felonious assault with the firearm. Because of this distinction in conduct, it cannot be said that Appellant was convicted and had his sentence enhanced based upon the same conduct. Appellant first *possessed* the gun (offense of conviction) and then *used* the gun (enhancement conduct).[5]

The key distinction between this case and *Sanders* is that the conduct giving rise to the enhancement here was not inevitable upon completion of the underlying offense. After

---

[5] In *Sanders*, the court was concerned that allowing the enhancement to stand in that case would lead to "the automatic application of this significant 4 level Guideline enhancement in almost every federal gun theft case." *Sanders*, 162 F.3d at 400. There is no risk of automatic application of the enhancement in this case. If Appellant had not pointed the gun towards Sisler, the enhancement would not apply. "Rather, the firearm was used to commit the assault, which is precisely the type of conduct that the Sentencing Commission intended to reach with the enhancement." *United States v. Parker*, 234 F.3d 1270, 2000 WL 1647922, *2 (6th Cir. Oct. 23, 2000); *see also United States v. McDonald*, 165 F.3d 1032, 1037 (6th Cir. 1999) (Section 2K2.1(b)(5) "is a sentencing enhancement provision that was created in response to a concern about the increased risk of violence when firearms are used or possessed during the commission of another felony.").

Appellant retrieved the firearm, he could have refrained from using the weapon to commit assault. In other words, the enhancement conduct was not unavoidable once the underlying offense took place; Appellant chose to point the weapon at Sisler. Conversely, the defendants in *Sanders* inevitably possessed firearms upon completion of the burglary because the firearms were among the items taken during the burglary.

*United States v. Parker*, an unpublished decision from this circuit, directly addresses the issue presented in this case. In that case, the defendant made the same argument as Appellant is asserting in this case. This Court stated:

> The incredulity of this argument renders it wholly unpersuasive. As a matter of logic, in order for Parker to shoot at his wife with the firearm, the firearm must have first come into his possession. The possession of the firearm and the ensuing assault are two independent acts, therefore, the felonious assault can be used to enhance the firearms conviction under U.S.S.G. § 2K2.1(b)(5).

*Parker*, 234 F.3d 1270, 2000 WL 1647922, *2 (6th Cir. Oct. 23, 2000). This Court found the *Sanders* holding inapplicable and held that the district court did not err in using the felonious assault to enhance the defendant's offense level pursuant to U.S.S.G. § 2K2.1(b)(5). This case is no different. Accordingly, Appellant's position is without merit.

## IV. CONCLUSION

We find that the district court did not err in enhancing Appellant's sentence pursuant to U.S.S.G. § 2K2.1(b)(5). Accordingly, the judgment of the district court is AFFIRMED.