UNITED STATES of America,
Plaintiff–Appellee,

v.

Shay Martin ADKINS, Defendant–
Appellant.

No. 02–1783.

United States Court of Appeals,
Sixth Circuit.

Dec. 1, 2003.

Andrew B. Birge, U.S. Attorney's Office for the Western District of Michigan, Grand Rapids, MI, for Plaintiff–Appellee.

Lesley S. Kranenberg, Kranenberg & McCarthy, Battle Creek, MI, for Defendant–Appellant.

Before: NELSON, CLAY, and COOK, Circuit Judges.

## OPINION

COOK, Circuit Judge.

Appellant, Shay Martin Adkins, challenges the district court's application of an enhancement under the United States Sentencing Guidelines. Because we find that the enhancement for use of a firearm in connection with another felony offense was appropriate, we **AFFIRM** the judgment of the district court.

## I. BACKGROUND

The essential facts are undisputed. In November 2001, police responded to a domestic violence call. A woman alerted police that Adkins and his wife had argued in her home and left separately to go to their home. The officers drove to Adkins' residence. Upon arriving there, the officers found Adkins standing on his front porch. He immediately retreated inside the house, closed the door and did not respond to the officers' knocks. Adkins grabbed a gun as he ran outside to evade the police. Hearing Adkins exit through the rear of the house, the officers moved to the back yard and called to Adkins. When they approached Adkins, he threatened them by

saying, "I have a gun, don't come any closer or I will shoot." Adkins then fled and police caught him in a neighbor's yard. A loaded gun lay on the ground ten feet from Adkins.

Adkins pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), reserving the right to challenge the offense level calculation. When preparing the presentence report, the probation officer calculated Adkins' offense level and included a four-level enhancement for use of a gun in connection with another felony under United States Sentencing Guidelines § 2K2.1(b)(5). Adkins objected to the enhancement. The district court found that Adkins used a gun in connection with another felony-felonious assault-and increased the offense level by four in accord with the presentence report calculation. Adkins appeals arguing that the enhancement should not apply because he did not commit "another felony."

## II. ANALYSIS

### A. Standard of review

This court reviews the district court's finding of facts for clear error and application of § 2K2.1(b)(5) under a deferential standard of review. *Buford v. United States,* 532 U.S. 59, 63–4, 121 S.Ct. 1276, 149 L.Ed.2d 197 (2001); *United States v. Ennenga,* 263 F.3d 499, 502 (6th Cir.2001).

### B. Adkins committed another felony

United States Sentencing Guidelines § 2K2.1(b)(5) provides that "if the defendant used or possessed any firearm or ammunition in connection with another felony offense" the offense level shall be increased by four levels. A "felony offense" is any offense "punishable by imprisonment for a term exceeding one year, whether or not a criminal charge was brought or a conviction obtained." U.S.S.G. § 2K2.1(b)(5), Application Note 7. The United States has the burden of proving the underlying facts by a preponderance of the evidence. *United States v. Hardin,* 248 F.3d 489, 495 (6th Cir. 2001). Adkins argues that the district court improperly imposed the enhancement because the state law felony-felonious assault-occurred simultaneously with the offense of conviction and thus cannot constitute "another felony."

Adkins relies upon this court's decision in *United States v. Sanders,* 162 F.3d 396 (6th Cir.1998) (enhancement was not appropriate because there was no separation of time or distinction of conduct between the offense of conviction and the other felony offense where the defendant came into possession of guns by stealing them). Rather than *Sanders,* we find *United States v. King,* 341 F.3d 503 (6th Cir.2003), decided after the parties submitted their briefs, to be directly on point. The *King* facts parallel Adkins's: King went into his home, retrieved a gun, carried the gun outside, and threatened to shoot another person with it. *Id.* at 506. This court concluded that the *King* facts supported imposing the enhancement because there was a separation of time and a distinction of conduct between the offense of conviction-taking possession of the gun-and the other felony-assault. *Id.* "[T]he conduct giving rise to the enhancement ... was not inevitable upon completion of the underlying offense." *Id.* at 507.

Applying the reasoning of *King,* we agree with the district court's conclusion that Adkins committed another felony and, therefore, the district court properly applied the enhancement. Adkins entered his home and picked up a gun. At that point, he committed the crime of being a felon in possession of a firearm. Had Adkins taken no further action, the district court could not have imposed the enhancement because he had not committed another felony. But Adkins exited the house,

hid with his gun, and then committed another felony-felonious assault-by threatening to shoot the officers. This felony was separate in time and conduct from the offense conduct of being a felon in possession. Because of this separation of time and distinction of conduct, we reject Adkins' contention that the possession and assault were part of a seamless episode that could not justify imposition of the enhancement.

## III. CONCLUSION

We **AFFIRM** the judgment of the district court.