**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Wendell Quintin YETT, Defendant–Appellant.**

No. 02–5958.

United States Court of Appeals, Sixth Circuit.

Jan. 6, 2004.

Charles P. Wisdom, Jr., James E. Arehart, Asst. U.S. Attorney, U.S. Attorney's Office, Lexington, KY, for Plaintiff–Appellee.

Mark A. Bubenzer, Frankfort, KY, for Defendant–Appellant.

Before SILER, DAUGHTREY and GIBBONS, Circuit Judges.

PER CURIAM.

Wendell Quintin Yett appeals various firearm convictions under 18 U.S.C. § 922(g) and his sentence for these offenses. Yett contends the district court erred by failing to suppress evidence obtained during his detention by police and further erred by including an additional firearm, for which he was not convicted, into the specific offense level for his sentencing guideline range. For the reasons that follow, we **AFFIRM.**

## BACKGROUND

In 2001, police began surveillance upon the apartment of Rashid Dalton, who was suspected of counterfeiting. They had reason to suspect that counterfeiting activities were also occurring at another apartment with other individuals, including Yett. One officer left the area to secure a

search warrant. Meanwhile, Yett exited the apartment and began to leave in an automobile. The officers descended on the scene, forcing Yett from the vehicle and handcuffing him. Yett's companion, Maria Grammar, the apartment lessee, then gave a consensual search authorization for the premises and automobile.

Yett was taken to the patio, given *Miranda* warnings and unhandcuffed. He then gave a written statement concerning Dalton. While giving this statement, the automobile in which Yett tried leaving the apartment was searched. An officer found a .40 caliber pistol in the trunk. Yett admitted the pistol was his. Yett had been detained approximately one hour when the pistol was found. A warrant had arrived by that time authorizing a search of the apartment, automobiles, and any individuals in the residence. During the search, begun with Grammar's consent, a shotgun was found underneath a mattress along with a safe under the same bed. A key that opened the safe was found on a key ring Yett left on the floorboard of the searched vehicle. Inside the safe, four shotgun shells and a .25 caliber pistol were discovered.

Yett was indicted on charges of being a felon in possession of the shotgun, the .25 caliber pistol, the ammunition and the .40 caliber pistol. The United States dismissed the charges relating to the .25 caliber pistol stating because "[p]ost-Indictment investigation ha[d] revealed that the firearm listed ... was the property of and was possessed by someone other than the defendant."

Yett moved to suppress the evidence taken as being the product of an illegal seizure. The court denied the motion. The presentence report noted that three firearms were seized. The court added them together under the specific offense category of USSG § 2K2.1(b)(1)(A) to arrive at a one-point increase under the guidelines. Yett's counsel objected, arguing there was no evidence showing Yett possessed the pistol found in the safe. The court found Yett's conviction for the shotgun shells within the safe gave the logical inference that Yett used the safe, while possession of the safe key conferred joint possession of the pistol contained in the safe.

## ANALYSIS

### A. FOURTH AMENDMENT

A suppression motion ruling is reviewed for clear error on findings of fact, while conclusions of law are reviewed de novo. *United States v. Johnson,* 242 F.3d 707, 709 (6th Cir.2001).

Yett was the subject of a seizure. *Terry v. Ohio,* 392 U.S. 1, 19 n. 16, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). However, he contends there were no grounds to seize him for approximately one hour while officers awaited the issuance of a search warrant, rendering the seizure illegal. We addressed a similar fact pattern in *United States v. Fountain,* 2 F.3d 656, 659–60 (6th Cir.1993), wherein a defendant was detained at a home, where he did not reside, that was the target of a search warrant. During an investigative interview, incriminating admissions to the police were made which were later challenged as the product of an illegal seizure. In upholding admissibility, this court recognized that "a warrant to search for contraband founded on probable cause implicitly carries with it the limited authority to detain the occupants of the premises while a proper search is conducted." *Id.* at 662 (quoting *Michigan v. Summers,* 452 U.S. 692, 705, 101 S.Ct. 2587, 69 L.Ed.2d 340 (1981)). Yett argues a warrant had not been issued at the time of his seizure, rendering his detention outside of *Fountain.* However,

in *Illinois v. McArthur*, the Supreme Court stated that, "[w]e have found no case in which this Court has held unlawful a temporary seizure that was supported by probable cause and was designed to prevent the loss of evidence while the police diligently obtained a warrant in a reasonable period of time." 531 U.S. 326, 334, 121 S.Ct. 946, 148 L.Ed.2d 838 (2001).

■ Reading *Summers* and *McArthur* together, Yett's seizure was lawful. Here, the temporary detention was supported by probable cause, evidenced by the independent issuance of the warrant. The warrant carried the authority to temporarily detain individuals found at the premises. *See United States v. Vite–Espinoza*, 342 F.3d 462, 467–69 (6th Cir.2003). Yett's seizure prior to the warrant's issuance was calculated to prevent the loss of evidence and freeze the status quo. In addition, the police were diligently obtaining a warrant that was quickly granted. Thus, this case falls squarely into the *McArthur* rubric. As the seizure was lawful, the court correctly denied the suppression motion.

## B. SENTENCING

Factual findings of a district court's sentencing decisions will only be disturbed if they are clearly erroneous. *United States v. Ennenga*, 263 F.3d 499, 502 (6th Cir. 2001). Legal issues in regard to sentencing issues that are presented for the first time on appeal are reviewed for plain error. *United States v. King*, 341 F.3d 503, 505 (6th Cir.2003).

■ **1. Evidentiary Ruling.** Conduct of a defendant not proven at trial may be used as relevant conduct to determine an appropriate sentence. *Witte v. United States*, 515 U.S. 389, 401–05, 115 S.Ct. 2199, 132 L.Ed.2d 351 (1995). Evidence supports a finding that Yett used the safe containing the .25 caliber pistol. The court made the circumstantial inference

that the access and use of the safe conferred joint constructive possession of Grammar's pistol. *See United States v. White*, 932 F.2d 588, 589 (6th Cir.1991)(finding that constructive possession requires control over the contraband, or the container it is held within). Based on a preponderance standard, the court considered the additional pistol for this enhancement provision. *See United States v. Feinman*, 930 F.2d 495, 500 (6th Cir.1991)(standard for applying a contested enhancement provision). As the court's ruling was based on an evidentiary foundation and logical inferences, it is not clearly erroneous.

■ **2. Double Counting.** Yett raises a double counting issue for the first time on appeal. Double counting occurs when one part of the Guidelines increases a defendant's punishment for a harm already accounted for by application of another part of the Guidelines. *United States v. Matos–Rodriguez*, 188 F.3d 1300, 1309–10 (11th Cir.1999). However, there is no basis for arguing that this sentence was arrived at by double counting. Under USSG § 2K2.1(a), the base offense level is determined by the nature of the conduct, not by its seriousness. Hence, the base offense for being a felon-in-possession is the same whether Yett was convicted of one count for possessing multiple firearms or multiple counts of single firearms. The counting of firearms only occurs when the specific offense characteristics are calculated.

The number of weapons possessed is an enhancement factor that is specifically addressed under § 2K2.1(b)(1). Yett's firearm convictions were combined into one base offense level, which is identical whether a defendant possesses one or multiple firearms. Hence, the unindicted firearm was not even included in this first calculation. The only time it was counted

was during the specific offense characteristics computation. Thus, the double counting argument is without merit and the guideline range was appropriately calculated.

**AFFIRMED.**