File Name: 08a0702n.06

Filed: November 17, 2008

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No. 07-2378

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

DARRON DEON HOWARD,

    Defendant-Appellant.

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE WESTERN
DISTRICT OF MICHIGAN

_____/

Before:      MARTIN, DAUGHTREY, and KETHLEDGE, Circuit Judges.

**BOYCE F. MARTIN, JR., Circuit Judge.** On April 30, 2007, Defendant Darron Deon Howard pled guilty to being a felon in possession of a firearm. At Howard's sentencing, the district court increased Howard's offense level by two levels for reckless endangerment during flight and by four levels for possessing a firearm in connection with another felony. Howard now challenges the application of both of these sentencing enhancements. We find that the district court did not err in applying either sentencing enhancement and therefore AFFIRM.

I.

The parties agree on the following facts as set forth in the presentence report. Early in the morning of February 3, 2006, Grand Rapids police officers responded to reports of a fight in progress at an intersection near several bars. The officers attempted to approach Howard, but he

ran away and did not respond to their orders to stop. As he continued to run, he reached into the waistband of his pants and retrieved a handgun which he threw on the pavement under a parked car. The officers eventually caught Howard, and recovered the gun – fully loaded with five live rounds of ammunition and the hammer cocked and ready to fire – from under the vehicle.

Howard disputes the presentence report's conclusion that prior to his arrest he committed felonious assault by pointing a gun at another individual. The conclusion that such conduct had occurred was based on the eyewitness report of Peyman Moyer, who was delivering pizzas in the area where Howard was arrested. According to the presentence report, when the officers arrived on the scene, Moyer told them that, "he observed an individual emerge from a vehicle, remove a handgun from his right pocket, and point it at several individuals in the area of the altercation." The report states that Moyer described Howard's clothing and the vehicle involved and that the officers' attempt to approach Howard was prompted by their observation that Howard matched Moyer's description.

After an earlier failed attempt to plead guilty, on April 30, 2007, Howard pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1). The statutory maximum sentence for being a felon in possession is 120 months. 18 U.S.C. § 924(a)(2).

The parties agreed to use the previously-prepared presentence report, with revisions. The presentence report recommended that Howard's offense level be increased by two points pursuant to U.S. Sentencing Guidelines Manual § 3C1.2 for creating a substantial risk of harm during flight and by four points pursuant to Section 2K2.1(b)(6) for using a firearm in connection with another felony offense – specifically, felonious assault. Howard objected to both proposed

enhancements. The district court held a sentencing hearing where Moyer testified that he had observed Howard pointing the gun at an individual. Although the presentence report describes Moyer's account to have involved "several individuals," at the hearing, Moyer testified that the incident involved only Howard and one other person. Howard did not testify, nor did he offer any other evidence to support his contention that he was only holding the gun to prevent others from using it and that he lacked the requisite intent to commit felonious assault. Following the testimony, the district court overruled Howard's objections and applied both enhancements. Howard was sentenced to 120 months followed by three years supervised release. Howard now appeals, arguing that the district court should not have applied either enhancement.

## II.

We review a district court's factual findings in sentencing a defendant under the clearly erroneous standard. *United States v. Moon*, 513 F.3d 527, 539-40 (6th Cir. 2008). A factual finding is clearly erroneous "when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* (quotations omitted). We review *de novo* legal conclusions regarding the application of the Sentencing Guidelines. *Id.*

## III.

### A. Enhancement for Reckless Endangerment During Flight

United States Sentencing Guideline §3C1.2 provides that "if the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer, increase by 2 levels." U.S.S.G. § 3C1.2.

The Sentencing Guidelines explain that a defendant was "reckless" if he "was aware of the risk created by his conduct and the risk was of such a nature and degree that to disregard that risk constituted a gross deviation from the standard of care that a reasonable person would exercise in such a situation." U.S.S.G. §2A1.4 cmt n.1. The risk created by throwing a cocked and loaded gun is obvious. As the district court observed, when a person throws a loaded gun on the ground while running, "the weapon [could] easily [be] discharged under those facts and circumstances." This being the case, such conduct is a "gross deviation" from a reasonable "standard of care."

The district court relied on *United States v. Brown*, 314 F.3d 1216 (10th Cir. 2003), in reaching its conclusion that discarding a loaded gun supported the Section 3C1.2 enhancements. Howard argues that *Brown*'s logic does not apply here because in *Brown*, the defendant discarded the gun in the presence of children, while here Howard discarded the gun in front of police officers. But as the district court acknowledged, in Howard's case, as in *Brown*, there was still a risk that "the weapon could be found or otherwise utilized by another individual who may or may not be on the street and could take the weapon for himself before the police officers could come back." We agree and find no persuasive argument to hold that the risk created by throwing a loaded gun near other people is not "substantial."

Finally, Howard's argument that merely having a gun should not qualify for the Section 3C1.2 enhancement is misplaced. Howard did not "merely have a gun;" rather, he undisputedly threw a loaded and cocked gun on the ground near police while fleeing. The district court's determination that Howard's decision to throw a loaded and cocked gun amounts to reckless

endangerment was not erroneous and we affirm the application of the Section 3C1.2

enhancement.

**B. Enhancement for Firearm Possession in Connection With Another Felony**

Section 2K2.1(b)(6) of the Sentencing Guidelines provides that "[i]f the defendant used

or possessed any firearm or ammunition in connection with another felony offense . . . increase

by 4 levels." U.S.S.G. §2K2.1(b)(6). A "felony offense" is "any federal, state, or local offense,

other than the explosive or firearms possession or trafficking offense, punishable by

imprisonment of a term exceeding one year, regardless of whether a criminal charge was brought,

or a conviction obtained." U.S.S.G. §2K2.1 app. n. 14(C).

Under Michigan law, felonious assault consists of: (1) an assault; (2) with a dangerous

weapon; and (3) with the intent to injure or place the victim in reasonable apprehension of an

immediate battery. *People v. Avant*, 597 N.W.2d 864, 869 (Mich. Ct. App. 1999). In *United

States v. King*, 341 F.3d 503 (6th Cir. 2003), this Court affirmed the application of a four level

enhancement where felonious assault under Michigan law was the basis for the enhancement.

At Howard's sentencing, Moyer testified that, on the night in question, he saw Howard

get out of a car, pull out a gun, and point it at another person during an argument. Howard did not

present any witnesses and did not offer his own testimony during the trial judge's consideration

of the Section 2K2.1 enhancement. In a statement to the court later in the proceedings, Howard

maintained that he did not arrive with the gun and was holding it only to prevent others from

possibly using it, but he offered no evidence to corroborate that argument.

Howard also argues that, unlike the defendant in *King*, he was never charged with assault and no victim has come forward. But, as he concedes, a charge or conviction is not required to impose an enhancement. *See King*, 341 F.3d at 505. And notably, the enhancements did not increase Howard's sentence beyond the statutory maximum of 120 months.

A finding under the Sentencing Guidelines must be based on "reliable information" and "a preponderance of the evidence." *United States v. Yagar*, 404 F.3d 967, 972 (6th Cir. 2005). Here, the uncontradicted testimony of Moyer, the eyewitness whom the trial judge found credible and who was subject to cross-examination, was sufficient to support the finding that a preponderance of the evidence demonstrated that Howard committed felonious assault. The district court therefore did not err in applying the Section 2K2.1 enhancement on that basis.

CONCLUSION

We find that the district court did not err in enhancing Howard's sentence pursuant to Sections 3C1.2 and 2K2.1 of the U.S. Sentencing Guidelines. Accordingly, the judgment of the district court is AFFIRMED.