NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 25, 2011
Decided June 1, 2011

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

No. 10-2849

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Northern District of Illinois, |
| | Western Division. |
| *v.* | |
| | No. 09 CR 50029 |
| JAMIE ROGERS, | |
| *Defendant-Appellant.* | Philip G. Reinhard, |
| | *Judge*. |

**O R D E R**

A jury found Jamie Rogers guilty of possessing a firearm as a felon, 18 U.S.C. § 922(g), and the district court sentenced him to the statutory maximum of 120 months' imprisonment, *id.* § 924(a)(2). Rogers appeals, but his appointed counsel has concluded that the case is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Rogers has not accepted our invitation to comment on counsel's motion. *See* CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Cano-Rodriguez*, 552 F.3d 637, 638 (7th Cir. 2009).

Responding to a dispatch reporting possible drug dealing, two Rockford, Illinois, police officers noticed Rogers walking away from the suspected crime scene. Although the

dispatcher had not given a physical description of a suspect, it was late at night, the April weather was cold and rainy, and Rogers was the only person they saw out in that high-crime neighborhood. The officers parked their car just ahead of Rogers, approached him on foot, and asked if they could question him. Rogers paused, turned toward them, and put his hands in his pants pockets. The officers instructed him to remove his hands, and when he did, a plastic baggie containing what appeared to be drugs fell to the ground. (Later testing confirmed that the baggie held marijuana and crack cocaine, but Rogers was never charged with a drug crime). One of the officers tried to grab Rogers by the arm, but he pulled away and ran. The two officers gave chase, and one of them saw Rogers throw a "dark black object" that looked to be a gun. Rogers was caught and arrested, and his loaded handgun was recovered just where he tossed it. And next to the gun was the hat that had fallen off Rogers during the chase.

In his *Anders* submission counsel first considers whether Rogers could argue that the district court erred in denying his motion to suppress the gun and the drugs. That motion was premised on the theory that the officers illegally seized Rogers during their initial contact with him, and thus tainted the discovery of the contraband. But the Fourth Amendment is not implicated when police officers simply approach a person in public to ask a few questions. *United States v. Drayton*, 536 U.S. 194, 200-01 (2002); *United States v. Tyler*, 512 F.3d 405, 409 (7th Cir. 2008); *United States v. Broomfield*, 417 F.3d 654, 655-56 (7th Cir. 2005). Not that it would matter here because as soon as he was told to take his hands out of his pockets, Rogers dropped his drugs and fled, discarding the gun before he was tackled by the pursuing officers. Thus, he abandoned any Fourth Amendment interest in the contraband. *See California v. Hodari D.*, 499 U.S. 621, 629 (1991); *United States v. Taylor*, 462 F.3d 1023, 1026 (8th Cir. 2006); *United States v. Martin*, 399 F.3d 750, 752 (6th Cir. 2005); *United States v. Basinski*, 226 F.3d 829, 837 (7th Cir. 2000). So counsel is correct that a claim about the suppression ruling would be frivolous.

Next, counsel evaluates whether to claim that the district court erred by giving the prosecutor leeway to impeach Rogers with his prior felony convictions for witness tampering and violating an order of protection. In a pretrial motion in limine, Rogers argued that, under Federal Rule of Evidence 609(a)(1), allowing the government to introduce evidence of these convictions would be more prejudicial than probative. But Rogers never testified at trial, so the jury never learned about these prior convictions. For that reason the court's ruling cannot be reviewed on appeal, *United States v. Luce*, 469 U.S. 38, 43 (1984), making any argument about it frivolous.

Counsel also assesses the prospect of raising a claim that the prosecutor's closing argument deprived Rogers of a fair trial. To evaluate a claim of prosecutorial misconduct, we would first determine whether the comments were improper, and, if so, whether they

prejudiced Rogers by depriving him of due process. *Darden v. Wainwright*, 477 U.S. 168, 180-81 (1986); *United States v. Washington*, 417 F.3d 780, 786 (7th Cir. 2005). Improper comments during closing argument, however, "rarely rise to the level of reversible error." *United States v. McMath*, 559 F.3d 657, 667 (7th Cir. 2009) (quoting *United States v. Wilson*, 985 F.2d 348, 353 (7th Cir. 1993)).

Counsel identifies two remarks and evaluates whether they could have undermined the integrity of the proceedings, but concludes that both were invited by defense counsel's attacks on the police investigation and neither was so prejudicial as to deny Rogers a fair trial. During defense counsel's closing argument, he repeatedly criticized the Rockford police for conducting a sloppy and inadequate investigation, emphasizing their failure to order DNA testing. In rebuttal, the prosecutor pointed out that Rogers also could have introduced DNA analysis, commended the police officers' professionalism, and praised their work in apprehending Rogers. The government is allowed to defend its witnesses, *see United States v. Nunez*, 532 F.3d 645, 654 (7th Cir. 2008); *United States v. Johnson*, 437 F.3d 665, 673-74 (7th Cir. 2006), and the prosecutor's comments were fair responses to defense counsel's attacks, *see United States v. Young*, 470 U.S. 1, 11-13 (1985); *United States v. Wimbley*, 553 F.3d 455, 461 (6th Cir. 2009); *United States v. Paul*, 175 F.3d 906, 912 (11th Cir. 1999); *United States v. Palmer*, 37 F.3d 1080, 1086 (5th Cir. 1994). Thus, it would be frivolous to challenge the remarks.

Next, counsel examines whether Rogers could argue that his conviction is not supported by sufficient evidence. In assessing its sufficiency, we would view the evidence in the light most favorable to the government and uphold the conviction unless no rational jury could have found the essential elements beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *United States v. Morris*, 349 F.3d 1009, 1013 (7th Cir. 2003). To convict under § 922(g)(1), the government need only prove that the defendant was a felon who possessed a firearm with a nexus to interstate or foreign commerce. 18 U.S.C. § 922(g)(1); *United States v. Tate*, 633 F.3d 624, 629 (8th Cir. 2011); *United States v. Broadnax*, 601 F.3d 336, 343 (5th Cir. 2010); *Morris*, 349 F.3d at 1013. Counsel questions only whether Rogers possessed the recovered gun.

We agree with counsel that the evidence was more than sufficient for a rational jury to find, beyond a reasonable doubt, that Rogers possessed the firearm. One of the officers involved in the chase testified that, when Rogers was approximately 10 to 15 feet ahead of him, he saw Rogers's hat come off and then saw him drop a "dark black object," which made "a loud clinking noise" when it hit the ground, like a metal object would. The officer stated that when he retraced Rogers's route to the place he had seen the object discarded, he found a black revolver on the ground near Rogers's flyaway hat and that, despite the rain, the gun was relatively dry. The resident who owned the property where the gun was found

also testified that she did not see a gun there when she had walked her dog about an hour before the police chase. These eyewitness accounts provided sufficient evidence to support a finding of guilt. *See United States v. Rodriguez*, 457 F.3d 109, 119 (1st Cir. 2006); *United States v. Taylor*, 417 F.3d 1176, 1182 (11th Cir. 2005). Although the government did not link the gun to Rogers with forensic evidence like a fingerprint or DNA match, the jury was entitled to credit the testimony of these two witnesses, and we would not second-guess the jury's finding of guilt. *See United States v. Hampton*, 585 F.3d 1033, 1041-42 (7th Cir. 2009).

Finally, counsel considers whether Rogers could challenge the reasonableness of his sentence. First, counsel questions whether the district court clearly erred by applying a 2-level increase to Rogers's offense level for reckless endangerment during flight. *See* U.S.S.G. § 3C1.2; *United States v. Thomas*, 294 F.3d 899, 906 (7th Cir. 2002). The adjustment is warranted where "the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." U.S.S.G. § 3C1.2. Although the defendant must do more than just flee, reckless endangerment is "to be construed broadly," § 3C1.2, cmt. n.4, and simply leaving a loaded weapon in a public place can warrant the adjustment, *United States v. Lard*, 327 F.3d 551, 553 (7th Cir. 2003); *United States v. Brown*, 314 F.3d 1216, 1221 (10th Cir. 2003). Rogers did just that—he discarded a loaded revolver in a residential neighborhood at night, creating a substantial risk that someone would find it and get hurt. Thus, it would be frivolous to challenge the § 3C1.2 adjustment.

Second, counsel considers whether Rogers could argue that the district court abused its discretion in sentencing him to the statutory maximum of 120 months, which is 15 months above the high end of his guidelines range. We would not presume an above-range sentence to be unreasonable, *see United States v. Jackson*, 547 F.3d 786, 792 (7th Cir. 2008), and we would be more likely to find this sentence reasonable if the district court based its decision on factors "sufficiently particularized to the individual circumstances of the case," *United States v. Wachowiak*, 496 F.3d 744, 750 (7th Cir. 2007). Here, the district court correctly calculated a total offense level of 22 and concluded that Rogers's lengthy criminal history put him in the highest criminal history category of VI. The resulting imprisonment range of 84 to 105 months, the court decided, did not adequately address Rogers's extensive criminal history. Rogers, at 34 years old, already had six convictions for felonies—most involving violence or weapons—including second-degree murder, aggravated battery, gun possession, and violating an order of protection. He also had a long list of convictions for misdemeanors, including 11 for driving on a suspended or revoked license, 7 for attempting to obstruct justice or resisting or fleeing an officer, and 1 for domestic battery. In addition, Rogers had committed many of his crimes while on parole or conditional discharge. The district court recognized a pattern of "utter disregard for the laws" that repeatedly endangered the lives of others, and after finding that Rogers lacked any "rehabilitative

potential," the court concluded that a longer sentence was necessary to deter his criminal conduct. This thorough and particularized explanation based on the factors in 18 U.S.C. § 3553(a), makes it pointless to challenge the length of Rogers's sentence.

We therefore GRANT the motion to withdraw and DISMISS Rogers's appeal.