**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0834n.06

**No. 10-6022**

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **FILED**<br>**Dec 12, 2011**<br>LEONARD GREEN, Clerk |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | EASTERN DISTRICT OF TENNESSEE |
| TRAVIS KING, | ) | |
| | ) | OPINION |
| Defendant-Appellant. | ) | |

**Before: SILER, McKEAGUE, and STRANCH, Circuit Judges.**

**PER CURIAM.** Travis King appeals the sentence imposed by the district court after it adopted two presentence reports containing different total offense levels at separate hearings.

King pleaded guilty to possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). In March 2010, the Probation Office prepared a presentence report concluding that King's total offense level was 26 ("March Report"). Based on this total offense level and a criminal history category of I, the Probation Office concluded that King's guidelines range of imprisonment was 63 to 78 months. Later that month, the district court conducted a sentencing hearing in which it adopted the March report without objection. The court continued the hearing, however, to allow time for an independent psychological evaluation of King to evaluate his request for a downward variance.

In July 2010, the Probation Office issued a revised presentence report ("July Report"). The offense level calculation was the same except that King did not receive a two-level reduction under

§ 2G2.2(b)(1),[1] which resulted in a total offense level of 24 and a guidelines range of 78 to 97 months. In August 2010, the district court resumed the continued sentencing hearing and adopted the July presentence report without objection. Although the court noted that the report had been revised several times, there was no acknowledgment during the hearing that the court had previously adopted an earlier version with a different offense level and guidelines range. The court varied downward from the new guidelines range and sentenced King to 54 months in prison, which would also have been a downward variance from the earlier guidelines range (albeit a smaller one).

On appeal, King argues that the district court erred by adopting the offense level calculation in the July presentence report because it conflicted with the calculation in the previously-adopted March report. Because King failed to raise this claim in the district court, we review it only for plain error. *See United States v. King*, 341 F.3d 503, 505 (6th Cir. 2003). "A finding of plain error requires a defendant to show (1) error (2) that was obvious or clear, (3) that affected defendant's substantial rights and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Dyson*, 639 F.3d 230, 235 (6th Cir. 2011) (internal quotation marks omitted).

Federal Rule of Criminal Procedure 32(i)(3)(B) requires the court to rule on "any disputed portion of the presentence report or other controverted matter." Although this Rule does not expressly require an affirmative objection, this Court has held that "the defendant must *actively* raise the dispute during the sentencing hearing before the district court's duty to find facts arises." *United*

---

[1] The only aspect of this guidelines provision which has been argued is subsection (C), which provides that "the defendant did not intend to traffic in, or distribute," child pornography. USSG § 2G2(b)(1)(C) (2009). However, subsection (A), through reference to a different subsection, indicates that King was never actually eligible for the two-level reduction because of the offense for which he was convicted. Moreover, his base offense level should have been 22 instead of 18. However, the Government waived these arguments by failing to raise them. *See United States v. McKinley*, 227 F.3d 716, 718 (6th Cir. 2000).

10-6022
*USA v. Travis King*

*States v. White*, 492 F.3d 380, 415 (6th Cir. 2007) (emphasis added); *see also United States v. Freeman*, 640 F.3d 180, 187-88 (6th Cir. 2011) (enhancement not in dispute when defendant failed to object). The fact that the July report differed from one previously adopted may have given King a stronger argument that the changes were erroneous had he chosen to object at the hearing.[2] However, adoption of two different reports at different times does not automatically create error when the actual sentence is based only on the latter report and there is no objection. *Cf. United States v. Groenendal*, 557 F.3d 419, 427 (6th Cir. 2009) (clear error when court made inconsistent rulings that defendant was "guilty of trafficking for purposes of sentencing enhancements and guilty of only possession for purposes of sentencing reductions").

**AFFIRMED.**

---

[2]Although King suggests in his briefs that there was insufficient evidence for the court to conclude that he intended to distribute the material, he has not directly argued, nor do we find, that this was itself plain error. The July report—to which King did not object—stated that King used the computer program LimeWire to obtain child pornography and uploaded images onto a Flickr account that was "accessible by others," which may constitute distribution for purposes of the enhancement. *United States v. Darway*, 255 F. App'x 68, 71-72 (6th Cir. 2007).

3