**NOT RECOMMENDED FOR PUBLICATION**
File Name: 18a0642n.06

No. 17-5919

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| | ) | Dec 26, 2018 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| CHRISTOPHER FARROW, | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF TENNESSEE |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: CLAY and GRIFFIN, Circuit Judges; ZOUHARY, District Judge.[*]

PER CURIAM. In 2013, a jury found Defendant-Appellant Christopher Farrow guilty of a single count of being a felon in possession of a firearm. Farrow was originally sentenced to 240 months under the Armed Career Criminal Act. Later Supreme Court decisions interpreting that Act rendered Farrow's sentence invalid. The district court resentenced Farrow to 120 months in 2017. Farrow now appeals this new sentence, arguing it is both procedurally and substantively unreasonable. In terms of procedure, he argues the district court improperly applied an enhancement for reckless endangerment during flight. In terms of substance, he argues the district court ignored his history and characteristics at resentencing.

For the reasons below, we **AFFIRM**.

---

[*]The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

## BACKGROUND

### *Arrest and Trial*

One April afternoon in Memphis, Tennessee, Christopher Farrow was among a group of men loitering outside an apartment building. A security guard saw the men trespassing and flagged down nearby police. When officers approached the group, Farrow ran and officers pursued. As Farrow started to run, two officers and one civilian eyewitness saw him toss a black handgun to the ground. Another individual in the group, Kenny Lockhart, then tried to pick up the gun, but an officer tackled him and wrestled the gun away. The officers who chased Farrow quickly caught and arrested him.

Farrow was tried before a jury on one count -- felon in possession of a firearm. Farrow introduced an audio recording from the scene with an officer saying, "I've got one with a gun," and then saying, "[P]ut the gun down!" The jury found Farrow guilty.

### *First Sentencing Hearing*

At Farrow's first sentencing in March 2013, he raised two objections relevant to this appeal. First, he objected to the application of a sentence enhancement under USSG § 3C1.2 for reckless endangerment during flight. Section 3C1.2 provides for two additional offense points where a defendant "recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." Farrow argued he discarded the gun in compliance with a police command, so he could not have created a substantial risk of serious injury or death.

The court denied the objection, finding, "on the actual facts [and] the testimony of the officers and the lay witness," that Farrow "dropped the pistol and ran." The court explained that "[h]ad the defendant not . . . dropped the pistol and run, we wouldn't have had that dangerous

situation, everything would have been contained right there." The district court found that Farrow, by dropping the gun and running away, created a risk to both officers and bystanders.

Defense counsel's second objection concerned Farrow's educable mental retardation diagnosis, a condition that made him less culpable and more deserving of a downward variance. Farrow's "mental condition" was "talked about . . . at length" during this hearing, and the court factored "the mental aspect of the defendant" into its consideration of the § 3553 sentencing factors. The court based its sentence on "everything that [was] in front of [it]," stating, "I am taking into account all of it, the difficult childhood, maintaining his innocence up to this point, [and] the mental evaluations." But the court concluded that "the public needs to be protected from Mr. Farrow," and denied the request for a downward variance.

The district court ultimately applied two enhancements to Farrow's sentence. The first was under § 3C1.2 for reckless endangerment. But as the court applied the enhancement, it omitted the word "substantial." Neither party objected to this omission. The court also applied § 2K2.1(a)(2) because Farrow had at least two serious prior felony convictions, rendering him an armed career criminal under the Armed Career Criminal Act. Farrow's final Guidelines range was 235 to 293 months. The court imposed a sentence of 240 months.

### First Appeal

Farrow appealed his initial sentence. Among his several arguments was that the § 3C1.2 enhancement should not have applied because he dropped the gun in compliance with a police command. *United States v. Farrow*, 574 F. App'x 723, 732 (6th Cir. 2014). This Court affirmed his sentence on other grounds, choosing not to reach this issue. *Id.* Subsequently, the Supreme Court decided *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016). Farrow no longer had the requisite prior convictions to qualify as an armed

career criminal. He was entitled to a resentencing, which was held in July 2017. The same judge who presided over the first sentencing also presided over the resentencing.

*Resentencing*

At the resentencing hearing, the district court, following a supplemental Presentence Report (PSR), calculated Farrow's Guidelines range as 120–150 months -- offense level 26 and criminal history category VI. But the statutory maximum now capped the sentence at 120 months. Neither party objected to the Guidelines calculation. There was no discussion of Farrow's mental condition and no objection to the application of the § 3C1.2 enhancement. The only substantive argument defense counsel made was for a downward variance based upon the less-serious nature of Farrow's offense and his good behavior in prison. The court responded by recognizing Farrow's accomplishments in prison, but also noting Farrow had several prison disciplinary infractions.

Then the judge recited the § 3C1.2 standard, as he did at the original sentencing. He stated that Farrow "recklessly creat[ed] the risk to others," again omitting the word "substantial." The court did recite the standard with the word "substantial" once during resentencing, but replaced the word "risk" with "fear." Again, neither party objected.

The district court denied Farrow's request for a downward variance. The court "took into account everything" from the original sentencing, weighed "the positives and the negatives," and found that "[t]he negatives just continue to outweigh the positives." Accordingly, the court sentenced Farrow to 120 months. The court asked if there were any objections; there were none. This appeal followed.

**D**ISCUSSION

**Procedural Reasonableness**

Farrow alleges his sentence is procedurally unreasonable because the district court erroneously applied the § 3C1.2 sentence enhancement for reckless endangerment. Farrow challenges its application, arguing the district court applied an incorrect legal standard because the court omitted the word "substantial" from its recitation. Farrow also argues the evidence does not warrant the enhancement because he discarded the gun in front of police officers in response to an officer's command. In other words, Farrow argues, although he may have created *a* risk by discarding his gun, the way he discarded it did not create a *substantial* risk.

Farrow raises this argument for the first time on this appeal. He did not object to the omission at either sentencing hearing, even after the district court asked if there were any other objections. Where the sentencing court asks for any further objections and "the relevant party does not object," then the argument is "not preserved" and "plain-error review applies." *United States v. Vonner*, 516 F.3d 382, 385 (6th Cir. 2008) (en banc).

"In reviewing for plain error, we consider whether (1) there was an error, (2) which was plain, (3) that affected the defendant's substantial rights, and (4) that, in our discretionary view, seriously affects the fundamental fairness, integrity, or public reputation of judicial proceedings." *United States v. Trammel*, 404 F.3d 397, 401 (6th Cir. 2005). The third prong "requires the defendant to show that the error was 'prejudicial,'" or that it "affected the outcome of the district court proceedings." *Id.* (quoting *United States v. Olano,* 507 U.S. 725, 734 (1993)). Because Farrow cannot make this showing, we need not examine the other plain error prongs.

The district court rejected Farrow's argument that he dropped his gun to comply with a police command, finding instead that "[Farrow] had the pistol, police came, [and he] dropped it

-5-

and ran." Further, it found that another suspect tried to pick up the gun and police needed to tackle that suspect to disarm him.

This Court reviews these findings of fact for clear error, giving significant deference to the district court. *United States v. Dial*, 524 F.3d 783, 785 (6th Cir. 2008). When this Court reviews factual findings for clear error, it asks only whether the district court adopted a reasonable view of the evidence. *Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Id.* So long as the factual findings are "plausible in light of the record viewed in its entirety," there is no clear error. *Id.* Here, the district court's view of the evidence was reasonable. "[T]he lay witness confirms what [the] police officers have said, the defendant dropped the pistol and ran."

With that decided, this Court must next determine de novo whether Farrow, by dropping a loaded pistol in front of other suspects and pursuing officers, recklessly created a substantial risk of death or serious bodily injury to another person. This Court addressed a similar question in *United States v. May*, 430 F. App'x 520, 525–27 (6th Cir. 2011), where it affirmed the application of the § 3C1.2 enhancement. There, the defendant discarded a loaded gun in a public-housing complex while fleeing on foot from police, and officers quickly recovered the gun. *Id.* at 526. This Court found that the risk created by discarding "a loaded gun near other people" is substantial, even when it is done "in front of police officers," because the "weapon could be found or otherwise utilized by another individual." *Id.* at 526–27 (quoting *United States v. Howard*, 301 F. App'x 446, 449 (6th Cir. 2008)).

Other circuits, too, recognize that discarding a loaded weapon in a public place can warrant the § 3C1.2 enhancement. *See, e.g.*, *United States v. Rogers*, 423 F. App'x 636, 640 (7th Cir. 2011) ("[H]e discarded a loaded revolver in a residential neighborhood at night, creating a substantial risk that someone would find it and get hurt."); *United States v. Lard*, 327 F.3d 551, 553 (7th Cir. 2003) (noting that "simply leaving a weapon in a public place can amount to reckless endangerment"); *United States v. Brown*, 314 F.3d 1216, 1221 (10th Cir. 2003) (holding that discarding a loaded gun in an area with children and other bystanders constituted reckless endangerment); *United States v. Jefferson*, 58 F. App'x 8, 10 (4th Cir. 2003) (noting that discarding a loaded gun could constitute a substantial risk of injury to the community).

Similarly, here, the risk Farrow created was substantial, as evidenced by officers needing to tackle and disarm the suspect who attempted to pick up the gun. In short, the district court's incomplete recitation of the § 3C1.2 standard did not affect the outcome of the proceedings; it was not plain error.

**Substantive Reasonableness**

Next, Farrow argues that his sentence is substantively unreasonable because the district court failed to consider the impact of his mental retardation and limited intellectual capacity at resentencing. This Court reviews sentences for substantive reasonableness under the abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007).

To be substantively reasonable, a sentence "must be proportionate to the seriousness of the circumstances of the offense and offender, and sufficient but not greater than necessary, to comply with the purposes of § 3553(a)." *United States v. Vowell*, 516 F.3d 503, 512 (6th Cir. 2008) (internal quotation marks and citation omitted). "A sentence may be considered substantively unreasonable when the district court selects a sentence arbitrarily, bases the sentence on

impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Webb*, 616 F.3d 605, 610 (6th Cir. 2010) (citation omitted). The sentencing judge needs to give enough explanation "to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1964 (2018) (citation omitted). The amount of explanation required depends, in part, "upon the legal arguments raised at sentencing." *Id.* at 1965. Further, where a sentence is within the calculated Guidelines range, as it is here, that sentence is entitled to a presumption of reasonableness. *See Vonner*, 516 F.3d at 389. Accordingly, Farrow bears the burden of rebutting that presumption.

Farrow's primary argument is that "the record is absent any discussion by the district court at resentencing relative to [his] mental retardation and limited intellectual capacity" -- part of Farrow's personal history and characteristics. But Farrow ignores that the district court considered the "full record," including the trial and the original sentencing hearing.

At the original sentencing, defense counsel discussed Farrow's mental retardation extensively, and the district court acknowledged the argument, stating that Farrow's mental retardation "bears out in the grades that [Farrow] was getting" in school and in his time "with the Tennessee Department of Corrections." The district court took "the mental evaluations" into account, but also noted that "every time [Farrow] is out he gets into trouble." The court ultimately denied a variance on this ground, finding that public safety concerns trumped any mitigating evidence of mental retardation.

At resentencing, the court opened by saying, "[W]e've been through a sentencing before, I'm very much familiar with Mr. Farrow's background, the positive information as well as the

negative information."  It noted the court was again "taking into account and factoring in the positives and the negatives," concluding "[t]he negatives just continue to outweigh the positives."

## CONCLUSION

We **AFFIRM** the Guidelines sentence of 120 months.