# In the
# United States Court of Appeals
## For the Seventh Circuit
_____

No. 04-4180

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JOHN BROOMFIELD,

*Defendant-Appellant.*

_____

Appeal from the United States District Court for the
Northern District of Indiana, Fort Wayne Division.
No. 1:03-CR-88-TS—**Theresa L. Springmann**, *Judge.*

_____

ARGUED JULY 5, 2005—DECIDED JULY 29, 2005

_____

Before BAUER, POSNER, and EASTERBROOK, *Circuit Judges.*

POSNER, *Circuit Judge.* At 8:25 one October night in an Indiana town, a patrolling police officer received word from his dispatcher that eight minutes earlier a store had been held up by a black man wearing dark clothing and brandishing a silver-colored pistol, who having completed the robbery had fled on foot. Fifteen to twenty minutes after receiving the news the officer spotted a black man in dark clothing less than a mile from the site of the robbery. There were few pedestrians about, so the officer thought this

might be the robber. He told him to stop and to take his hands out of his pockets. The man immediately complied, whereupon the officer noticed a silver-colored gun sticking out of the pouch in the man's sweatshirt; and so he arrested him. It was Broomfield, who has been convicted of being a felon in possession of a gun and challenges his conviction on the ground that the officer violated the Fourth Amendment in stopping him.

The district judge thought the stop governed by *Terry v. Ohio*, 392 U.S. 1 (1968), which authorizes a brief stop-and-frisk upon the basis of reasonable suspicion of criminal activity or danger to the officer. See also *Hiibel v. Sixth Judicial District Court*, 124 S. Ct. 2451, 2458 (2004); *United States v. Baskin*, 401 F.3d 788, 791 (7th Cir. 2005). She ruled that there was reasonable suspicion. Although the description of the robber lacked specificity, Broomfield did fit the description; he was stopped about as far from the store as he could have gotten walking briskly, given the amount of time that had elapsed since the robbery; and the streets in the vicinity of the store were nearly deserted—the police spotted only three pedestrians in the course of their search for the robber that matched the description, and two of the spottings may have been of the same person, namely Broomfield. There was indeed a reasonable basis for suspecting that he was the robber. (For cases upholding stops in very similar circumstances, see *United States v. Wimbush*, 337 F.3d 947, 950 (7th Cir. 2003); *United States v. Price*, 328 F.3d 958, 959 (7th Cir. 2003).) It would be different had it been Lagos at high noon.

Gilding the lily, the officer testified that he was additionally suspicious because when he drove by Broomfield in his squad car before turning around and getting out and accosting him he noticed that Broomfield was "star[ing] straight ahead." Had Broomfield instead glanced around him, the officer would doubtless have testified that Broomfield

seemed nervous or, the preferred term because of its vagueness, "furtive." Whether you stand still or move, drive above, below, or at the speed limit, you will be described by the police as acting suspiciously should they wish to stop or arrest you. Such subjective, promiscuous appeals to an ineffable intuition should not be credited. *United States v. Jones*, 269 F.3d 919, 927-29 (8th Cir. 2001); *United States v. Moreno-Chaparro*, 180 F.3d 629, 632 (5th Cir. 1999); see also *United States v. Sigmond-Ballesteros*, 285 F.3d 1117, 1123 n. 4 (9th Cir. 2002); cf. *United States v. Troka*, 987 F.2d 472, 474 (7th Cir. 1993). Nevertheless other circumstances established a reasonable basis for suspicion that Broomfield was the robber.

This discussion assumes that the stop rose to the level of a seizure within the meaning of the Fourth Amendment; if not, however, it didn't have to be based on reasonable suspicion or anything else. "[A] seizure does not occur simply because a police officer approaches an individual and asks a few questions." *Florida v. Bostick*, 501 U.S. 429, 434 (1991); see also *United States v. Drayton*, 536 U.S. 194, 200-01 (2002) *United States v. Price*, *supra*, 328 F.3d at 960. In the closest case factually to this one that we've found, the following circumstances were held to constitute a seizure, though the court called it "arguably a close case": "a police officer pointed a spotlight at [one of the plaintiffs] and said 'What, are you stupid? Come here. I want to talk to you.' He [the plaintiff] was then told to show his hands." *Brown v. City of Oneonta*, 221 F.3d 329, 340 (2d Cir. 2000). Yet at the same time the court ruled that the allegation of another of the plaintiffs "that he encountered two police officers in his dorm lobby, and that they asked him to show them his hands," did "not rise to the level of a seizure." *Id.* at 341. These two rulings are not easy to reconcile. The second is closer to the view our court expressed in *United States*

*v. Childs*, 277 F.3d 947, 950 (7th Cir. 2002) (en banc), that "approaching a person on the street (or at work, or on a bus) to ask a question causes him to stop for at least the time needed to hear the question and answer (or refuse to answer)," yet is not a seizure. To similar effect, see *United States v. Hooper*, 935 F.2d 484, 489 (2d Cir. 1991).

So suppose that during the search for the robber the police had spotted a young woman walking near the store, obviously not a suspect, and had said to her, "Excuse me, we're investigating a robbery, and we'd like to know whether you've seen a black man wearing dark clothing." The asking of such a question of a pedestrian by a police officer would bring the pedestrian to a halt. So it would be a "stop" in a literal sense. But would it be a seizure within the meaning of the Fourth Amendment? Bloomfield's lawyer at argument said yes, but *Childs* and *Hooper* say no. The interference with personal liberty is too slight to activate constitutional concerns. The Constitution should not be trivialized in the fashion suggested. The maxim *de minimis non curat lex* is as sensible a limitation on the making of trifling constitutional claims as on other silly litigation. *Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992); *Ingraham v. Wright*, 430 U.S. 651, 674 (1977); *Tesch v. County of Green Lake*, 157 F.3d 465, 476 (7th Cir. 1998); *Hessel v. O'Hearn*, 977 F.2d 299, 303-04 (7th Cir. 1992); *Thaddeus-X v. Blatter*, 175 F.3d 378, 396 (6th Cir. 1999) (en banc); *Riley v. Dorton*, 115 F.3d 1159, 1166 (4th Cir. 1997).

Had the pedestrian in our example told the officer to bug off and he had insisted that she remain and answer his questions, the innocuous stop would become a seizure, *INS v. Delgado*, 466 U.S. 210, 216-17 (1984); *Brown v. Texas*, 443 U.S. 47, 49-50 (1979), though in particular circumstances of urgent need it might be deemed reasonable despite her not

being a suspect. See *City of Indianapolis v. Edmond*, 531 U.S. 32, 45 (2000); *Florida v. J.L.*, 529 U.S. 266, 273-74 (2000).

Before the police officer in this case had a chance to pose a single question to Broomfield, he noticed the gun, at which point he had probable cause to arrest him as the suspected robber, though, as it happened, Broomfield was never prosecuted for the robbery because the clerk at the store that had been robbed could not identify him as the robber. That is an aside; the relevant point is that the stop had not yet ripened into a *Terry* stop, requiring reasonable suspicion to be lawful, when the officer saw the gun. All the officer had said was take your hands out of your pockets, an obvious precaution since it was dark and an armed robber was on the loose. It was only after the officer spotted the gun and thus had probable cause to arrest that he asked Broomfield "where he was going or what he was doing." Until it turned into a lawful arrest, the stop had lasted only seconds. Though supported by reasonable suspicion, it didn't need to be, because it didn't last long enough to count as a seizure.

AFFIRMED.

A true Copy:

　　　　Teste:

　　　　　　　　　　　　　　　_____

*Clerk of the United States Court of Appeals for the Seventh Circuit*