NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued April 21, 2009
Decided May 29, 2009

*Before*

WILLIAM J. BAUER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 08-2624

| | |
|---|---|
| UNITED STATES OF AMERICA | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Northern District of Indiana, Hammond Division. |
| v. | |
| | No. 2:07 CR 115 |
| VINCENT BARNETT, | |
| *Defendant-Appellant*. | James T. Moody, *Judge.* |

**ORDER**

Vincent Barnett appeals from his conviction for possession of a firearm by a felon. He argues that the gun police recovered from him should have been suppressed because, in his view, police lacked reasonable suspicion to stop him.

At 9:04 a.m. on the morning of Wednesday, June 27, 2007, a man called 911 to report that he had just been robbed at the JP Petroleum Mart, a convenience store in Gary, Indiana. Initially there was some confusion about the description of the suspects, but in the last broadcast before the stop, the officer dispatched to the store said that two black males had

fled west on foot, and one of them "had on a blue shirt, black jeans--check that black jeans, blue shirt."

About 15 or 20 minutes later, Corporal Sean Jones of the Gary Police Department spotted Barnett and his brother Jarvus walking less than a block from the convenience store. Barnett and Jarvus are black, and Barnett was wearing blue jeans and a black shirt. Jones stopped his patrol car and told the two men to approach. Jones asked if either had a weapon, and when Barnett revealed that he had a gun, Jones recovered it. The victim was brought to the scene and rejected both men as robbery suspects, so Jarvus was released but Barnett, a felon, was arrested for possessing the gun.

At the suppression hearing, several officers testified, including Jones. Jones explained that he interpreted the broadcast describing one suspect as wearing "a blue shirt and black jeans--check that black jeans and blue shirt" to mean that the officer had misspoken and meant to say "black shirt and blue jeans." Jones explained that he stopped the Barnetts because they met the description in the broadcast. Barnett presented census data showing that some 86 percent of the people living within a ten-block radius of the store were black. But Jones and the other officers said that in the course of their search, they saw only one other black man wearing similar clothing, and few if any other pedestrians.

The district court credited the officers' testimony. The court agreed with Barnett that the officer had conducted a nonconsensual investigatory stop, *see Terry v. Ohio*, 392 U.S. 1 (1968), but concluded that the encounter was supported by reasonable suspicion. The court found that the officer reasonably believed that at least one of the suspects was wearing a black shirt and jeans and explained that the Barnetts met the description. Furthermore, the court continued, police saw them walking near the store less than 25 minutes after the robbery, and although many black men lived in the area, that morning police saw only one other black man wearing clothing consistent with that of the suspects. Barnett pleaded guilty to the felon-in-possession charge but reserved his right to appeal the denial of his motion to suppress. We review the district court's findings of fact for clear error and its legal conclusions *de novo. United States v. Riley*, 493 F.3d 803, 808 (7th Cir. 2007).

Barnett challenges only the initial stop, arguing that the police lacked reasonable suspicion. He contends that the description police relied on to stop him was too general, and that virtually any man in the local community who was out in that neighborhood that morning would have fit the police's description.

An investigatory stop is permissible when the police possess specific and articulable facts giving rise to a reasonable suspicion that the individual has committed a crime. *United*

*States v. Grogg*, 534 F.3d 807, 810 (7th Cir. 2008); *Riley*, 493 F.3d at 808.  The standard is less than that of probable cause, but "some minimal level of objective justification" is necessary. *United States v. Sokolow*, 490 U.S. 1, 7 (1989) (quoting *INS v. Delgado*, 466 U.S. 210, 217 (1984)). To determine whether that standard was met, we examine the totality of the circumstances known to police at the time of the stop.  *United States v. Avizu*, 534 U.S. 266, 273 (2002). Factors relevant in assessing reasonable suspicion in this case include the specificity of the description of the suspect, the number of people in the area, where the person was stopped, and how long ago the crime occurred.  *See United States v. Goodrich*, 450 F.3d 552, 561 (3d Cir. 2006); *United States v. Broomfield*, 417 F.3d 654, 655 (7th Cir. 2005).  A less-specific description can suffice when other factors support the stop, *see Broomfield*, 417 F.3d at 655, so long as the facts known yield a limited pool of suspects, *see Goodrich*, 450 F.3d at 561.

Viewing the totality of the circumstances, we conclude that Officer Jones had reasonable suspicion to stop Barnett and his brother.  As in *Broomfield*, 417 F.3d at 655, although the description of the robber was not extensive, Barnett fit the description, and he was found shortly after the crime, near the scene, and with his brother.  Furthermore, few pedestrians were out that morning, and aside from the Barnetts, police saw only one other similarly dressed black man in the area.  So despite the rather general description, the number of possible suspects walking in the vicinity was limited.  In these circumstances, the minimally intrusive stop Jones conducted was reasonable, and the district court appropriately denied Barnett's motion to suppress.

Accordingly, we AFFIRM the judgment of the district court.