COOK, Circuit Judge.
Following conviction for possession of a firearm by a felon, Byron Preston appeals, challenging the denial of his motion to suppress evidence and the reasonableness of his sentence. We affirm.
I.
The district court laid out the relevant facts as follows:
On New Year’s Eve at about 9:30 p.m., Officers Jackson and Harnphanich and Sergeant Duncan saw Preston walking through an alley in a high-crime area approaching the parking lot of a liquor store. As Preston turned in the direction of the store’s front door, toward which the semi-marked police car [driven by the officers] was proceeding, he appeared to see the car and, in response, to alter his path so as to avoid proceeding further in their direction. The Officers wondered if he was “casing” the store for a possible robbery.
Continuing to walk through the alley, Preston passed out of sight behind a white dumpster and lingered there a moment longer than seemed right. The Officers wondered if he was hiding something.
As the police car moved further into the parking lot, Preston appeared from the alley and walked into the lot in the direction of the car and toward the front door of the liquor store. Sergeant Duncan, the patrol car’s driver, did not activate the overhead lights or siren, honk the horn, or block Preston’s path. Officer Jackson, sitting in the front passenger seat — and one of three officers in the car — lowered his window and spoke to Preston in a conversational tone of voice, saying something similar to “What’s up?” or “Where are you heading?” Jackson did not command Preston to “halt,” “stop,” “stand still,” or anything similar. Officer Jackson remained inside the car and did not handle or display his firearm or give any hand signals to Preston.
Preston, in response to Officer’s Jackson’s “What’s up?”, approached the police car. He was wearing a hooded sweatshirt with his hands inside of his pockets. As Preston neared the police car, Officer Jackson became concerned that Preston might be armed. For his own safety, Officer Jackson asked something like “Are you armed?” or “Do you have a gun?” and asked to see Preston’s hands. In so asking, Jackson did not command or “order” Preston to show his hands. Although Officer Jackson’s un-sworn synopsis of the encounter in his Preliminary Criminal Report uses the term “ordered,” Officer Jackson’s sworn testimony belies the characterization. He could not have been more clear that his tone of voice was conversational or that he was not loud, challenging, or demanding. The court finds his request *498 of Preston to expose his hands was only that—a request, and nothing more. It was not an “order.”
The request and accompanying question brought Preston’s response: ‘Tes, it’s in my coat.” The gun was secured and this prosecution followed, Preston being found to have had a prior felony. The entire series of events lasted only a few seconds.
Charged as a felon in possession of a firearm in violation 18 U.S.C. § 922(g), Preston moved to suppress the evidence culled from the encounter, arguing that the stop violated his Fourth Amendment right against unreasonable searches and seizures. At the hearing before the Magistrate Judge (MJ) to whom the case was referred, the three police officers testified. The MJ recommended that the district court grant Preston’s motion to suppress “[b]ecause the officers’ encounter with Defendant went beyond a consensual encounter and lacked reasonable suspicion to justify a Terry stop.”
The district court held an evidentiary hearing, and denied the motion, concluding that the events constituted a consensual encounter unprotected by the Fourth Amendment. Important to that assessment by the district court was that Preston approached the patrol car and that Officer Jackson “did not command or ‘order’ Preston to show his hands.”
Preston stipulated to a bench trial, and the district court found him guilty. At sentencing, the court decreased his offense level by two for accepting responsibility, denied his motion for a downward variance, and sentenced him to 77 months’ imprisonment—the low end of the guidelines range. Preston appeals.
II.

A. Motion to Suppress

Preston challenges the denial of his motion to suppress, arguing that the district court clearly erred in sizing up three facts central to its holding. First, Preston contests the finding that he approached the cruiser, bringing our attention to the officers’ testimony that they “pulled alongside” him. Though that is true, Officer Jackson repeatedly testified that Preston walked toward the cruiser as they approached, and Sergeant Duncan corroborated this testimony. Indeed, Preston’s attorney stated at the suppression hearing that “according to everybody’s testimony, ... [he] walk[ed] toward the police car.”
Second, Preston disputes the district court’s determination that Officer Jackson preliminarily greeted him before asking to see his hands. Officer Jackson testified that he asked Preston “where he was heading and what he was doing.” Whether he did bears on Preston’s claim that he faced a compulsory atmosphere in the officers’ presence. Preston maintains that Officer Jackson testified falsely, noting that Jackson’s written preliminary report as well as testimony from the other police in the vehicle failed to corroborate Jackson’s testimony. But neither the preliminary report nor the other officers’ testimony directly contradicted Officer Jackson—his testimony added only a detail from the encounter. The other officers said they could not remember or never heard the question, and Officer Jackson explained that he included what he thought were “just the important facts” in the preliminary complaint report. Moreover, the district court pressed Jackson about the preliminary encounter and found his sworn testimony credible. We must give considerable deference to this credibility determination. See United States v. Hudson, 405 F.3d 425, 431 (6th Cir.2005).
Last, Preston quarrels with the court’s finding that “it was not an order” *499 for Preston to show his hands because the officer stated in his preliminary complaint report that he “ordered the subject to place his hands in the air.”
At the suppression hearing held by the district court, however, Officer Jackson testified — corroborated by Sergeant Duncan — that he used a “conversational tone” and “asked” Preston whether he could see his hands and whether he was armed. The district court acknowledged the inconsistency with the unsworn preliminary synopsis but still found Officer Jackson’s testimony credible. See Hudson, 405 F.3d at 431.
Reviewing Preston’s three factual contentions in the light most favorable to the government, see United States v. Rodriguez-Suazo, 346 F.3d 637, 643 (6th Cir.2003), we are not “left with the definite and firm conviction that a mistake has been committed,” United States v. Smith, 594 F.3d 530, 535 (6th Cir.2010).
Having discerned no clear error in the district court’s factual findings, we next turn to Preston’s claim that the court erred in concluding that he consented to talk with the officers; in Preston’s view, “a reasonable person would have believed that he ... was not free to walk away.” See United States v. Alston, 375 F.3d 408, 411 (6th Cir.2004); see also Florida v. Bostick, 501 U.S. 429, 434, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991). Courts recognize that a reasonable person may not feel free to leave in the face of coercive police behavior, including: “the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officer’s request might be compelled.” United States v. Jones, 562 F.3d 768, 772 (6th Cir.2009).
The record adequately supports the district court’s finding that, unprompted by the officers, Preston voluntarily walked toward the police car through the well-lit parking lot of the liquor store, with customers coming in and out, and supports the court’s assessment that the cruiser remained in the middle of the parking lot, where Preston had an unobstructed path to walk away. The district court found that Jackson rolled down his window and asked in a conversational tone to see Preston’s hands and whether he possessed a weapon. Jackson testified that he remained in the vehicle without opening his door, without drawing his gun, and without accusing Preston of wrongdoing, or physically touching him. See United States v. Campbell, 486 F.3d 949, 956 (6th Cir.2007) (“[N]o seizure occurs when police ask questions of an individual ... so long as the officers do not convey a message that compliance with théir requests is required.”) Under these circumstances, we find no error in the conclusion that a reasonable person would feel free to end the encounter and walk away. See United States v. Broomfield, 417 F.3d 654, 656 (7th Cir.2005) (deeming encounter consensual where police told man to stop and take his hands out of his pockets); see also United States v. Falls, 533 Fed.Appx. 505, 508 (6th Cir.2013) (per curiam) (same, where two officers “asked” defendant to “stop” and “come here,” before asking defendant whether he possessed any weapons).

B. Sentence

Preston also argues that the district court imposed a substantively unreasonable sentence. He urges this court to determine that the district court should have varied downward in light of his “extraordinary acceptance of responsibility” and the government’s refusal to move for a one-level reduction to his offense level under U.S.S.G. § 3El.l(b). This court may *500 vacate a sentence only upon concluding that the district court abused its discretion. Gall v. United States, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007).
Preston fails to rebut the presumption of reasonableness that applies to his within-guidelines sentence. See United States v. Overmyer, 663 F.3d 862, 864 (6th Cir.2011). The district court accounted for Preston’s acceptance of responsibility by reducing his offense level two points. See U.S.S.G. § 3El.l(a). It reasonably declined a variance, concluding that Preston exhibited only an “ordinary” acceptance of responsibility. Rather than plead guilty, Preston “pre-tried” the case in a “fairly lengthy evidentiary hearing” that required the government to call three witnesses. Then, he proceeded to a bench trial. Thus, the district court acted within its broad discretion in denying Preston’s motion for a variance. See United States v. Khalil, 279 F.3d 358, 371 (6th Cir.2002) (noting that reductions for acceptance of responsibility are “rare” under U.S.S.G. § 3E1.1 when the defendant exercises his right to trial); cf. United States v. Collins, 683 F.3d 697, 707 (6th Cir.2012) (holding that the government permissibly, withheld additional reduction for acceptance of responsibility where it needed to undertake trial-like preparations to defend a motion to suppress).
III.
We AFFIRM.