**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 10a0073n.06

No. 08-4517

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Feb 04, 2010**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| v. | ) | SOUTHERN DISTRICT OF OHIO |
| | ) | |
| BRYAN MILLS, | ) | |
| | ) | OPINION |
| Defendant-Appellant. | ) | |
| | ) | |

**Before:  MARTIN and WHITE, Circuit Judges; and ZOUHARY, District Judge.**[*]

**ZOUHARY, District Judge**

### INTRODUCTION

This is a direct appeal by defendant Bryan Mills from the judgment entered upon his conviction for bank fraud after a guilty plea. The district court sentenced Mills to 72 months of incarceration, 5 years of supervised release, $94,564 in restitution, and the mandatory $100 special assessment. This timely appeal followed. This Court has appellate jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

---

[*] The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

1

Mills argues on appeal that the 72 month sentence was outside the Guideline range and unreasonable. But the sentence was actually within the Guideline range of 63 to 78 months. The confusion in this case stems from a simple typographical error in the original transcript of the sentencing hearing. That transcript recorded the district court judge misstating the Guideline range as 63 to 68 months, when the judge in fact recited the correct range of 63 to 78 months, as reflected in the corrected transcript.

We **AFFIRM** the sentence for the reasons described below.

### BACKGROUND

From October 2006 to September 2007, Mills defrauded National City Bank (NCB) and others by writing a total of $66,151 in checks against closed accounts or accounts containing insufficient funds (Presentence Investigative Report (PSR) ¶ 5). In October 2006, Mills opened a joint checking account at NCB in the name of Bryan and Angela Mills. From October 2006 until March 2007, five worthless checks were deposited into the account. Mills wrote more than 40 checks, drawn on the NCB account, that were returned due to insufficient funds (PSR ¶ 6).

Mills opened a second account at NCB in November 2006 in the name of Bryan Mills, dba Mills Inspections. From January 2007 until September 2007, multiple worthless checks, drawn on other accounts with US Bank, First Merit Bank, and Huntington National Bank, were deposited into this NCB account. Mills wrote at least 70 checks with insufficient funds from this second NCB account (PSR ¶ 7).

A criminal complaint was filed against Mills on September 4, 2007. Those charges were not the extent of his fraudulent activity however. Prior to the instant case, Mills was on supervised release for a previous wire fraud conviction from November 2003. Mills passed more bad checks

2

in August 2007 and January 2008 (*after* his October 30, 2007 guilty plea in the instant case), the latter resulting in an Ohio state court conviction and a sentence of one year of probation (PSR ¶¶ 8-9).

In addition, after Mills was charged in this case, investigators discovered another 100 worthless checks previously written by Mills, the vast majority from March 2006 through December 2007 to Dillard's stores throughout Ohio and Sears stores in Columbus. Finally, even more checks written by Mills (for which the merchants cannot be identified due to poor handwriting) were discovered, bringing the total amount of worthless checks to $114,564 (PSR ¶ 10).

On September 12, 2008, the district court held a sentencing hearing. Mills argued that both his mental illness as well as his family ties and responsibilities justified a downward departure from the Guideline range. The district court declined to depart downward (TR 5-22). The district court heard argument on the Section 3553(a) factors, explained how the factors applied to Mills, and then found a sentence in the middle of the range was appropriate (TR 31).

## ANALYSIS

This Court reviews a sentence for both procedural and substantive reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007); *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005). The procedural component is addressed first, and we look to

> ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence – including an explanation for any deviation from the Guidelines range.

*Gall*, 552 U.S. at 51.

After examining the procedural reasonableness component, this Court "consider[s] the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id*. This substantive analysis "take[s] into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Id.* "A sentence may be considered substantively unreasonable where the district court 'select[s] the sentence arbitrarily, bas[es] the sentence on impermissible factors, fail[s] to consider pertinent § 3553(a) factors or giv[es] an unreasonable amount of weight to any pertinent factor.'" *United States v. Collington*, 461 F.3d 805, 808 (6th Cir. 2006) (quoting *United States v. Webb*, 403 F.3d 373, 385 (6th Cir. 2005)). In this Circuit, a sentence that falls within the Guideline range enjoys "a rebuttable presumption of reasonableness," and the defendant bears the burden of rebutting this presumption. *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006).

**Procedural Reasonableness**

Mills does not raise any procedural reasonableness arguments, nor can we find any procedural errors in the record. The judge properly considered the Section 3553(a) factors and explained his reasoning (TR 27-31). The judge properly calculated the Guideline range, treated the range as advisory, not mandatory, and did not rely on any clearly erroneous facts. Therefore, the sentence was procedurally reasonable, and we move to the substantive reasonableness inquiry. *Gall*, 552 U.S. at 51 (the appellate court examines a sentence's reasonableness only when "the district court's sentencing decision is procedurally sound").

**Substantive Reasonableness**

Mills argues that the district court erred by sentencing him to an upward variance based on his mental illness. However, the 72 month sentence was *within* the properly calculated Guideline

range of 63 to 78 months. The issue therefore is not whether his mental illness was wrongfully used to justify an upward variance, but rather whether his sentence was substantively reasonable in light of his mental health issues.

A sentence within the applicable Guideline range is presumed to be substantively reasonable in this Circuit. *Williams*, 436 F.3d at 708. Mills' sentence therefore enjoys the benefit of this presumption, which Mills has failed to rebut. Mills fails to show that his "special circumstances are special enough that, in light of § 3553(a), they *require* a sentence lower than the sentence the Guidelines provide." *United States v. Vonner*, 516 F.3d 382, 390 (6th Cir. 2008) (en banc) (emphasis in original) (quoting *Rita v. United States*, 551 U.S. 338, 360 (2007)).

Mills argues that the district judge erred by using Mills' "ongoing mental illness as an aggravating factor and the need to punish him severely" as reasons for an upward "departure" (Appellant Brief, p. 13).[1] However, the judge properly considered Mills' history of mental illness in the course of examining the Section 3553(a) factors. Indeed, there was extensive discussion at the hearing about Mills' mental illness, and the judge was not convinced that it justified either a downward departure under U.S.S.G. Section 5K2.13 or a downward variance (TR 18-20, 28).

The judge further noted that Mills had raised a similar mental health argument at his 2004 sentencing on wire fraud charges (TR 15):

---

[1] Mills, represented by new counsel on appeal, relied on a sentencing hearing transcript which, until the week before the case was submitted, incorrectly attributed a misstatement by the trial judge (TR 31):

> I believe that a sentence within the sentencing guidelines would be an appropriate sentence in this case . . . . The guideline sentencing range is 63 to 68 *[now corrected to 78]* months, and the Court believes that a sentence of 72 months incarceration would be an appropriate sentence in this case considering all of the factors that I have discussed in this sentencing hearing.

[W]hat bothers me is that the same arguments were made [at the 2004 sentencing] as are being made again here today. He's got mental health issues. That's why he's writing bad checks. But he's receiving counseling and everything is under control, and he won't do it again. But now here he is again doing the same thing. And not only getting caught again and indicted again, but also continuing to do it while he's on – released on bond and doing it while he's on supervised release [in the 2004] case.

The judge found that the mental health issues did not explain Mills' continued criminal activity. The judge also noted "that when the Bureau of Prisons received the information in the PSI regarding his mental health issues, that [Defendant] will receive appropriate mental health care, and the Court is going to include in its sentencing order in this case the specific recommendation that he be assessed for continuing mental health care in a federal facility" (TR 29). *See, e.g.*, *United States v. Clark*, 328 F. App'x 992, 999-1000 (6th Cir. 2009); *United States v. Williams*, 333 F. App'x 63, 71 (6th Cir. 2009) (recommendation that a defendant receive mental health or substance abuse treatment while incarcerated is appropriate weighing of Section 3553(a) factors). In sum, the judge did not use Mills' mental illness as an "aggravating factor" or give it "an unreasonable amount of weight." *See Collington*, 461 F.3d at 808.

Having thoroughly considered all of the Section 3553(a) factors, including the need for the sentence to provide just punishment, the judge imposed a substantively reasonable sentence of 72 months.

## CONCLUSION

We **AFFIRM** the sentence of 72 months incarceration.

6