RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 14a0073p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,

        *Plaintiff-Appellee,*

    *v.*

MICHAEL KILGORE,

        *Defendant-Appellant.*

No. 13-5623

Appeal from the United States District Court
for the Eastern District of Tennessee of Chattanooga
No. 1:12-cr-00090-1—Harry S. Mattice, Jr., District Judge.

Decided and Filed: April 15, 2014

Before: MERRITT, MOORE, and CLAY, Circuit Judges.

---

**COUNSEL**

**ON BRIEF:** Laura E. Davis, FEDERAL DEFENDER SERVICES OF EASTERN TENNESSEE, INC., Knoxville, Tennessee, for Appellant. Terra L. Bay, UNITED STATES ATTORNEY'S OFFICE, Chattanooga, Tennessee, for Appellee.

---

**OPINION**

---

MERRITT, Circuit Judge. Defendant Michael Kilgore appeals his sentence of 70 months for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2). Defendant was performing community service at a police station in South Pittsburg, Tennessee, when he stole two unloaded firearms from an evidence room and took them home. He does not contest a two-level enhancement under U.S.S.G. § 2K2.1(b)(4) for "stealing" the

1

two pistols that created his status as a felon in possession of firearms.[1]  Rather he contends that the district court erred in thereafter applying a four-level enhancement to his base offense level for possessing a firearm "in connection with another felony offense" pursuant to U.S.S.G. § 2K2.1(b)(6)(B).[2]  The defendant argues that the four-level enhancement was incorrectly applied because the law requires that the "another felony offense" language from the guideline means that the offense triggering application of the enhancement must be separate and distinct conduct from the underlying offense.  We agree.  The "another felony offense" language that triggered application of the four-level enhancement was the theft of the pistols that converted Kilgore into a felon-in-possession with a two-level enhancement for theft.  There is no "another felony offense" on which to base another enhancement on top of the two-level enhancement.  Raising the punishment substantially with an additional four-level enhancement violates the language of the guideline itself, engages in double counting and appears to subject Kilgore twice to punishment for the same offense.[3]

The theft here from the evidence room was not "another felony offense."  It converted Kilgore to the status of being a "felon in possession of a firearm."  In *United States v. Sanders*, 162 F.3d 396, 400 (6th Cir. 1998), the Sixth Circuit explained how to determine when "another felony offense" had occurred:

---

[1]Guideline § 2K2.1 is a long, convoluted rule about firearms with more than 20 parts and subparts. Subsection (b)(4) says:  "If any firearm was stolen, increase by 2 levels."

[2]This subsequent subsection adds:  "If the defendant —

. . .

(B) used or possessed any firearm or ammunition *in connection with another felony offense*, or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense,

Increase by **4** levels. (Emphasis added.)

Then Application Note 14 to the Guidelines states:

*14.  "In Connection With"*

*(A)   In General.—Subsections (b)(6)(B) and (c)(1) apply if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense or another offense, respectively.*

[3]We review legal conclusions regarding application of the guidelines de novo, while factual findings are reviewed for clear error.  *United States v. Jackson*, 635 F.3d 205, 207 (6th Cir. 2011).

A logical reading of the § 2K2.1(b)(5) [now § 2K2.1(b)(6)] Guideline term "another felony offense" would at least require, as a condition precedent to the application of a major four level guideline enhancement, a finding of a separation of time between the offense of conviction and the other felony offense, or a distinction of conduct between that occurring in the offense of conviction and the other felony offense. Otherwise, the word "another" is superfluous ….

(Footnote omitted.) The *Sanders* court concluded that the defendant, who had become a felon in possession of a firearm when he burglarized a pawn shop and stole a firearm, was not eligible for the enhancement because the exact same conduct that supported the offense of conviction (*i.e.*, being a felon in possession) also supported the "other" felony offense (*e.g.*, the burglary). Although the Application Notes to this guideline have been altered over time, this Circuit has not altered the *Sanders* interpretation of the "another felony offense" enhancement. *See United States v. Stafford*, 721 F.3d 380, 400 (6th Cir. 2013) (shooting into a crowd to complete "another felony offense"); *United States v. Clay*, 320 F. App'x 384, 391 (6th Cir. 2009); *United States v. Hyler*, 308 F. App'x at 962, 966 (6th Cir. 2009). [4]

In spite of the convincing nature of this reasoning in the cases, the prosecutor argues nevertheless that Kilgore, as a felon in possession of a stolen firearm, had the "potential," within the meaning of Application Note 14 (see footnote 2, *supra*), to threaten violence or engage in further criminal offenses. But, of course, this possibility is always true of any felon in possession of a firearm. The punishment for this status is fully taken into account by the punishment imposed before the four level enhancement is considered. The "in connection with another felony offense" language of the guideline should not be measured by the limits of the prosecutor's imagination. Obviously, the felon could go on a rampage with his firearm, but the guideline language means a real offense, not a prosecutor's imagined, hypothetical offense.

Accordingly, the imposition of the above-described, four-level enhancement by the District Court is reversed and the case is remanded for resentencing proceedings in compliance with this opinion.

---

[4]In 2006, the Sentencing Commission added new commentary providing that the enhancement applied "to a defendant, who, during the course of a burglary, finds and takes a firearm, even if the defendant did not engage in any other conduct with that firearm during the course of the burglary." U.S.S.G. § 2K2.1(b)(6)(B) cmt. n.14(B) (emphasis added). Because Kilgore did not commit a burglary, the *Sanders* interpretation of the enhancement still applies.