RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 24a0019p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

No. 22-3889

PHILLIP CABBAGE,

*Defendant-Appellant*.

─────────────────

Appeal from the United States District Court for the Northern District of Ohio at Toledo.
No. 3:21-cr-00335-1—Jeffrey James Helmick, District Judge.

Argued: January 25, 2024

Decided and Filed: February 2, 2024

Before: GIBBONS, WHITE, and THAPAR, Circuit Judges.

─────────────────

**COUNSEL**

**ARGUED:** Manuel Valle, SIDLEY AUSTIN LLP, Washington, D.C., for Appellant. Adam Joines, UNITED STATES ATTORNEY'S OFFICE, Cleveland, Ohio, for Appellee. **ON BRIEF:** Manuel Valle, Cody L. Reaves, Rebecca C. Brooks, SIDLEY AUSTIN LLP, Washington, D.C., for Appellant. Alissa M. Sterling, UNITED STATES ATTORNEY'S OFFICE, Toledo, Ohio, for Appellee.

THAPAR, J., delivered the opinion of the court in which GIBBONS and WHITE, JJ., joined. WHITE, J. (pg. 6), delivered a separate concurring opinion.

———————————

**OPINION**

———————————

THAPAR, Circuit Judge.  Phillip Cabbage pled guilty to conspiring to distribute drugs.  At sentencing, he and the government agreed a supervisor enhancement applied.  Reversing course, Cabbage now objects to the enhancement.  But because he invited the error, we affirm.

I.

While on supervised release for a previous drug conviction, Cabbage started dealing again.  He orchestrated fentanyl, cocaine, and methamphetamine shipments from cartel suppliers to various street-level dealers.  According to the PSR, as part of this operation, Cabbage "directed" a subordinate who stored drugs, R. 54, Pg. ID 671–72, and also "managed" a liaison for the Mexican cartel, *Id.*, Pg. ID 672.

After extensive surveillance of Cabbage's operations, police arrested Cabbage and four co-conspirators.  At the time of his arrest, Cabbage possessed nearly five kilograms of fentanyl.

Cabbage pled guilty to conspiracy and possession with intent to distribute a controlled substance.  *See* 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A).  The probation officer recommended a three-level enhancement because Cabbage acted as a supervisor in the conspiracy.  *See* U.S.S.G. § 3B1.1(b).  Cabbage initially objected to the enhancement on the grounds that he didn't control another person.  But Cabbage and the government "resolved" the objection before the sentencing hearing, agreeing to a lower-level enhancement for his role.  R. 95-1, Pg. ID 1191.

The district court confirmed this agreement at sentencing.  After calculating the Guidelines range with the two-level enhancement, the district court imposed a within-Guidelines sentence of 210 months.

Cabbage now appeals, arguing the two-level enhancement—which increased the top end of his Guidelines range from 180 to 210 months—should not have been applied.

II.

Cabbage challenges only the procedural reasonableness of his sentence. A sentence can be procedurally unreasonable if the district court fails to properly calculate the Guidelines range. *United States v. Snelling*, 768 F.3d 509, 512 (6th Cir. 2014). Here, Cabbage argues the court improperly calculated the Guidelines range by applying the role enhancement. There's just one problem: Cabbage agreed to that enhancement. The government argues this means Cabbage waived his objection and can't challenge the enhancement on appeal. In response, Cabbage contends he didn't waive the argument and instead merely invited the error.

A.

Waiver is an "intentional relinquishment or abandonment of a known right." *United States v. Olano*, 507 U.S. 725, 733 (1993) (citation omitted). Our precedent instructs that waiver requires more than merely agreeing to or even suggesting a specific standard. For instance, defendants who suggest a specific Guidelines range in their briefing don't waive the right to later challenge that range. *United States v. Montgomery*, 998 F.3d 693, 699 (6th Cir. 2021). But Cabbage did more than agree to the enhancement: he also withdrew his previous objection to it. *Cf. United States v. Skouteris*, 51 F.4th 658, 674 (6th Cir. 2022). And that makes waiver a close call. Since Cabbage can't prevail either way, we will assume he didn't waive his challenge.

B.

Even if Cabbage survives the waiver hurdle, he faces another—the strictures of invited-error review. Cabbage acknowledges the invited error doctrine "likely" applies. Reply Br. 7. That's because he "contributed" to any mistake by agreeing to the role enhancement. *United States v. Woods*, 61 F.4th 471, 481 (6th Cir. 2023). Invited error differs from waiver in that, although we never review waived arguments, we review invited errors when necessary to prevent manifest injustice. *United States v. Akridge*, 62 F.4th 258, 263 (6th Cir. 2023).

There's no such injustice here.

Cabbage's best case supporting review is *Montgomery*. There, parties agreed on the defendant's criminal history score, failing to recognize that recent changes in the law made that

score incorrect. 998 F.3d at 699–700. By agreeing to a higher criminal history score, the parties invited the court to commit a legal error.

Nothing of the sort happened here. Instead of legal error, Cabbage alleges a factual error. Namely, he asserts that the facts don't show he controlled anyone in the conspiracy—as required by the role enhancement.

This difference matters. Parties aren't allowed to stipulate to legal conclusions because courts have an independent obligation to get the law right. *Neuens v. City of Columbus*, 303 F.3d 667, 671 (6th Cir. 2002). But parties can—and often do—agree to a set of facts. This makes sense. In our adversarial system, parties bear the burden of proving facts and presenting their best case. *Akridge*, 62 F.4th at 264. The district court acknowledged as much, noting that the parties "always know the case better than . . . [t]he [j]udge." R. 92, Pg. ID 1099. So if a party agrees that a certain set of facts presents his best case, it's no injustice—much less *manifest* injustice—for a court to hold him to that agreement. *See United States v. Treadway*, 328 F.3d 878, 886 & n.4 (6th Cir. 2003). In fact, that arrangement is our adversarial system functioning properly. To hold otherwise would discourage district courts from taking parties at their word—a bizarre outcome given the parties' duty of candor. It would also force courts to "ferret out" every possible factual defect and irregularity. *United States v. Stafford*, 258 F.3d 465, 475 (6th Cir. 2001) (citation omitted). Our system requires no such absurdity. Factual errors—if the defendant agreed to them—aren't sufficiently grave to constitute manifest injustice.[1]

Cabbage evades this conclusion by arguing he never actually agreed to the facts. After all, he says, he never explicitly "withdrew" his objection or "stipulated to" the enhancement. But this magic-words argument is unavailing. When Cabbage and the government resolved the objection and agreed on the enhancement, Cabbage effectively withdrew his objection—and necessarily agreed to the facts supporting the enhancement. That's because a court can apply an enhancement only if a preponderance of the evidence supports its factual basis. *United States v. Vandeberg*, 201 F.3d 805, 811 (6th Cir. 2000). And "when a defendant withdraws an objection to a recommended

---

[1]This rule applies whenever the parties themselves make an alleged factual error. We leave unanswered whether manifest injustice might arise when parties receive new information on appeal showing that a *third party* committed a factual error—such as a lab switching results in a drug test.

factual finding that affects his sentence, he admits" that basis. *United States v. Ngamwuttibal*, 162 F. App'x 476, 480–81 (6th Cir. 2006); *see also Stafford*, 258 F.3d at 475–76. Cabbage's argument fails.

In the alternative, Cabbage paints the error as a legal one. He conjectures the government and district court must've mistakenly believed that control wasn't necessary for this role enhancement. Unlikely. The PSR explains that Cabbage "directed" and controlled at least two different people. R. 54, Pg. ID 681. The district court properly relied on these undisputed facts.[2] *See Treadway*, 328 F.3d at 885–86. The government did as well, asking for the three-level enhancement. So the government's agreement to reduce the enhancement from three to two levels was merely a compromise—a regular occurrence at sentencings. *See, e.g.*, *Mason v. United States*, No. 1:15-cr-74, 2019 WL 131840 at *2–3 (E.D. Tenn. Jan. 8, 2019) (agreeing to a drug quantity Guidelines range of no more than two kilograms despite defendant possessing 2.679 kilograms); *United States v. Roper*, 266 F.3d 526, 529–30 (6th Cir. 2001) (agreeing not to pursue a firearm enhancement in exchange for defendant withdrawing objection to drug quantity calculation).

\* \* \*

Our judicial system is adversarial. That means when parties agree on the facts, it's not manifestly unjust to take them at their word. Because Cabbage agreed to the facts the district court relied on, we hold him to his agreement and affirm.

---

[2]To the extent that Cabbage argues the district court erred by failing to make a formal finding of control before applying the enhancement, it had no duty to do so once the parties no longer disputed the underlying facts. *See United States v. White*, 492 F.3d 380, 415 (6th Cir. 2007).

———————————

**CONCURRENCE**

———————————

HELENE N. WHITE, Circuit Judge, concurring. I join in the affirmance and have no quarrel with the majority's analysis. However, to the extent the majority opinion can be read to announce a hard-and-fast rule that factual errors made and agreed to by the parties can *never* support a finding of manifest injustice, no matter the circumstances, I do not join. I believe a blanket rule is unnecessary in this case, where manifest injustice is clearly absent.