NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0386n.06

Case No. 24-3012

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED**<br>Sep 11, 2024<br>KELLY L. STEPHENS, Clerk |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| | ) | |
| RONALD CRENSHAW, | ) | |
| Defendant-Appellant. | ) | |
| | ) | OPINION |

BEFORE: SUTTON, Chief Judge; READLER and BLOOMEKATZ, Circuit Judges.

SUTTON, Chief Judge. Robert Crenshaw challenges his within-Guidelines sentence for trafficking methamphetamine and fentanyl. Seeing no error, we affirm.

Over the course of thirteen months, Crenshaw mailed at least 30 packages of methamphetamine and fentanyl from a source in Nevada to four other individuals in Ohio, who distributed the drugs at his command. Crenshaw kept most of the proceeds. By the time law enforcement ended the drug-distribution scheme, he had funneled kilograms of each drug into the Buckeye State.

Crenshaw pleaded guilty to one count of conspiring to distribute and possess with intent to distribute controlled substances, one count of distributing fentanyl, two counts of distributing methamphetamine, and three counts of using a communication facility in drug trafficking. *See* 21

U.S.C. §§ 841(a)(1), 841(b)(1)(A), 843(b), 846. The probation office calculated a Guidelines sentencing range of 292 to 365 months. The district court imposed a sentence of 295 months.

Crenshaw appeals, challenging the district court's drug-type determination, his four-level leadership enhancement, and the district court's discussion of fentanyl overdose statistics at sentencing. Each challenge comes up short.

*Drug type.* Crenshaw claims that the district court improperly held him responsible for actual methamphetamine instead of a methamphetamine mixture, which would have yielded a lower base offense level. Because Crenshaw did not raise this point below, we review it for plain error. *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc). He must show an "obvious or clear" error that affected his substantial rights and affected the integrity of the hearing. *Id.* (quotation omitted).

At sentencing, the government must prove drug type and quantity by a preponderance of the evidence. *United States v. Treadway*, 328 F.3d 878, 884 (6th Cir. 2003). In making that determination, the district court may use any evidence in the record that has "some minimum indicium of reliability." *Id.* at 884–85 (quotation omitted). When the presentence report identifies the drug types and quantities and the defendant does not object, the district court may use those facts and need not make additional findings. *Id.* at 885–86; *see* Fed. R. Crim. P. 32(i)(3)(A). The defendant's failure to object in this scenario "operates as an admission as to the drug types and quantities" in the presentence report. *United States v. Stafford*, 258 F.3d 465, 476 (6th Cir. 2001); *see also United States v. Adkins*, 429 F.3d 631, 632–33 (6th Cir. 2005). When a court relies on such undisputed facts, we have made clear, it does not plainly err. *Treadway*, 328 F.3d at 886 & n.4; *see also United States v. Cabbage*, 91 F.4th 1228, 1232 (6th Cir. 2024).

Crenshaw's presentence report held him accountable for actual methamphetamine instead of a mixture. He did not object to those findings. Nor did he challenge the Guidelines range in the presentence report, even though it reflected the higher base offense level for actual methamphetamine. When the district court asked whether he had any objections after pronouncing its sentence, he had none. Because Crenshaw never disputed the presentence report's finding that he was responsible for actual methamphetamine, not a mixture, the district court did not plainly err in crediting those facts. *See Treadway*, 328 F.3d at 885–86, 886 n.4.

Resisting this conclusion, Crenshaw insists that he objected to the type of methamphetamine attributed to him at sentencing. But his only objections about drug calculations targeted other, unrelated findings in the presentence report. He objected to including "uncharged and untested substances," to including drugs found in his home, and to calculating the Guidelines range based on the total quantity of drugs he distributed. R.117 at 30. And he asked the probation office to use "only the package weight" to calculate drug quantity. R.117 at 30. None of these objections put the district court on notice that he challenged the report's finding that he was accountable for actual methamphetamine. *See United States v. Bostic*, 371 F.3d 865, 871 (6th Cir. 2004); Fed. R. Crim. P. 51(b).

Because Crenshaw did not preserve this issue, he finds no aid in the two cases that he cites. They both involved defendants who raised their challenges to the district court. *United States v. Reed*, 72 F.4th 174, 183 (6th Cir. 2023); *United States v. Histed*, 93 F.4th 948, 954 (6th Cir. 2024). No reversible error occurred.

*Leadership enhancement.* Next up is whether the district court properly applied a four-level leadership enhancement. The Guidelines instruct district judges to increase the offense level by four if the defendant is an "organizer or leader of a criminal activity that involved five or more

participants." U.S.S.G. § 3B1.1(a).  Crenshaw does not dispute that the conspiracy involved five or more participants.  All he disputes is whether he organized or led "one or more" of them.  *Id.* § 3B1.1 cmt. n.2.  We take a deferential look at the district court's conclusion that Crenshaw was an organizer or leader and review its underlying factual findings for clear error.  *United States v. Nicolescu*, 17 F.4th 706, 724–25 (6th Cir. 2021).

The district court had ample reason to believe that Crenshaw played a leading role in the organization and management of this drug-trafficking conspiracy.  Crenshaw sourced fentanyl and methamphetamine from Nevada, tracked the drugs in the mail to Ohio, and told his co-conspirators what to do with them.  Phone records indicate that Crenshaw coordinated activity and communication among his co-conspirators.  Consistent with his managerial role, he kept most of the proceeds and doled out smaller cuts to the rest.  All of that suffices to uphold the enhancement.

None of the cases cited by Crenshaw alters this conclusion.  All lacked the factual findings, prominent here, that the defendants exercised sufficient control over their co-conspirators.  *United States v. Bertram*, 900 F.3d 743, 753–54 (6th Cir. 2018); *United States v. Kamper*, 748 F.3d 728, 748–49 (6th Cir. 2014); *United States v. Vandeberg*, 201 F.3d 805, 811–12 (6th Cir. 2000); *United States v. Colon*, 919 F.3d 510, 519 (7th Cir. 2019).  No error occurred.

*Sentencing factors.*  The final issue is whether the district court impermissibly considered statistics about fentanyl overdoses at sentencing.  Crenshaw did not raise this objection below, requiring us to apply plain-error review to it.  *See Vonner*, 516 F.3d at 386.

At sentencing, a district court must calculate the Guidelines range, treat it as advisory, consider the 18 U.S.C. § 3553(a) sentencing factors, explain its reasoning, comply with mandatory minimum and maximum sentences, and refrain from considering impermissible or erroneous facts.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  Section 3553 requires sentencing courts to consider,

among other factors, "the nature and circumstances of the offense" and its "seriousness." 18 U.S.C. § 3553(a)(1), (a)(2)(A). These factors invite them to address local harms related to the defendant's conduct. *United States v. Robinson*, 892 F.3d 209, 216 (6th Cir. 2018). Here, Crenshaw pleaded guilty to distributing fentanyl. That means the district court could consider fentanyl's effects on the local community and Crenshaw's role in exacerbating those harms.

Crenshaw counters that he lacked the requisite notice that statistics about fentanyl overdoses would be discussed at his sentencing. He argues that he trafficked less fentanyl than methamphetamine and was not told in advance that these statistics would be used and claims that *United States v. Fleming*, 894 F.3d 764 (6th Cir. 2018), confirms the impropriety of what the district court did. But *Fleming* does not offer a useful comparison. In that case, the sentencing court's reliance on statistics regarding overdoses from mixtures of cocaine and opioids surprised Fleming because he was not convicted of possessing or distributing opioids, and nothing in the record connected Fleming to opioids. *Id.* at 768–69. Contrast that case with this one. Crenshaw was convicted of distributing over a kilogram of fentanyl, and his presentence report is replete with evidence connecting him to the drug. Crenshaw, unlike Fleming, had no reason to be surprised.

Crenshaw relatedly argues that, because he lacked notice, he had no chance to dispute the accuracy of the statistics. He invokes *United States v. Robertson*, 819 F. App'x 351 (6th Cir. 2020), in his defense. Here, too, the comparison is inapt. In *Robertson*, the district court plainly erred when it sentenced Robertson based on unsubstantiated facts and without discussing the § 3553 factors. *Id.* at 356. The district court's discussion of the panoply of § 3553 factors in sentencing Crenshaw distinguishes this case from that one. Even if the fentanyl overdose statistics were inaccurate—he has not shown that is so—the district court did not plainly err because its

reliance on them was not excessive. *See United States v. Cunningham*, 669 F.3d 723, 730–31 (6th Cir. 2012). The court considered Crenshaw's family's requests for leniency, weighed the § 3553 sentencing factors, and used those factors to explain why it imposed a sentence at the low end of the Guidelines. Because "[n]othing in the record suggests that the district court *based* its sentence" on the overdose statistics, no reversible error occurred. *United States v. Hymes*, 19 F.4th 928, 934 (6th Cir. 2021).

We affirm.