NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0123n.06

Case No. 25-1592

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED

Mar 10, 2026

KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| ZACHARY TAYLOR BUSH, | ) | MICHIGAN |
| Defendant-Appellant. | ) | |
| | ) | OPINION |
| | ) | |

Before: GRIFFIN, BUSH, and NALBANDIAN, Circuit Judges.

**NALBANDIAN, Circuit Judge.** Zachary Bush pled guilty to illegally possessing firearms and ammunition as a convicted felon. The district court sentenced him to 84 months' imprisonment. Bush challenges his within-Guidelines sentence as procedurally and substantively unreasonable. But we reject his arguments and affirm.

**I.**

A few days after Christmas in 2023, Bush was driving his car in Grand Rapids, Michigan, and pulled aside another car waiting at an intersection. Bush and his passenger started yelling at the other car's driver, whom they had apparently encountered earlier that evening at a bar. When the driver asked them what their problem was, Bush pointed a laser-equipped handgun at the driver for about ten seconds and stated that he "does not talk but likes to play tag." Revised Presentence Report, pg. 6. The driver, who noticed a green dot on his chest, sped away. And Bush pursued him briefly.

The driver eluded Bush and reported the encounter to the Grand Rapids police, which investigated the encounter as a felonious assault involving a firearm. Soon after, the police located Bush. They arrested him and searched him and his car. They found a loaded handgun, a loaded shotgun, and nearly 200 rounds of ammunition.

Bush had two prior felony convictions: assault with a dangerous weapon and possession of a controlled substance. So the federal government charged him with possessing guns and ammunition as a felon. *See* 18 U.S.C. § 922(g)(1). Bush initially posted bond. But the district court remanded him to pretrial confinement after he tested positive for marijuana and methamphetamine and after pretrial services officers discovered six large-bladed weapons, a pistol grip, and drug paraphernalia where he lived.

Bush also had a history of mental health issues, so the court ordered a competency evaluation. The evaluation found that Bush didn't meet the criteria for post-traumatic stress disorder or attention-deficit/hyperactivity disorder, but it characterized him as suffering from "other specified trauma- and stressor-related disorder" and "other specified attention-deficit/hyperactivity disorder." And it opined that Bush could understand the charges and proceedings against him. Based on the evaluation, the court found Bush mentally competent to stand trial. Bush then pled guilty.

The government's presentence report calculated Bush's Sentencing Guidelines range. That calculation included two enhancements: a two-level increase because the handgun in Bush's possession had been stolen, *see* U.S.S.G. § 2K2.1(b)(4)(A), and a four-level increase because Bush used the handgun in connection with another felony—the aggravated assault of the other car's driver, *see id.* § 2K2.1(b)(7)(B). Bush received a three-level reduction based on his acceptance of

responsibility, *see id.* § 3E1.1, so his Guidelines range was 84 to 105 months. The government recommended a sentence of 84 months.

In Bush's sentencing memorandum, he accepted the presentence report's facts and Guidelines calculation as correct and didn't advance any legal objections. But he requested a downward departure or variance, asking the district court to impose a sentence below the recommended range based on the 18 U.S.C. § 3553(a) factors and his diminished mental capacity.

At the sentencing hearing, Bush's counsel reiterated that he didn't have any objections to the presentence report. The district court adopted the report's Guidelines range. And it then denied Bush's request for a downward departure, evaluated the § 3553(a) factors, denied Bush's request for a variance, and sentenced him to 84 months' imprisonment.

Then, after the court imposed the sentence and began explaining Bush's right to appeal, Bush raised his hand, and the court allowed him to speak. Bush said that he had illegally possessed the guns because he feared for his safety and described an incident where he was attacked by over a dozen men in 2022. Pushing back against the government's portrayal of him as the aggressor in that incident, Bush remarked, "I never had a gun." R.91, Sentencing Hr'g Tr., PageID 296. After a few final comments, the court adjourned the hearing.

Bush appealed.

## II.

Bush challenges his sentence on several grounds. He says that the district court erred in applying the four-level in-connection-with-another-felony enhancement and the two-level stolen-firearm enhancement. *See* U.S.S.G. §§ 2K2.1(b)(4), 2K2.1(b)(7)(B). And aside from the enhancements, Bush argues that the court imposed a procedurally and substantively unreasonable sentence by failing to: rule on Bush's request for a downward departure, adequately explain why

Bush's mental health wasn't a mitigating factor, and afford enough weight to certain mitigating factors.

**A.**

We'll start with the enhancements. Bush argues that the district court procedurally erred by applying the in-connection-with-another-felony and stolen-firearm enhancements. *See United States v. Potts*, 947 F.3d 357, 364 (6th Cir. 2020) ("When evaluating a sentence for procedural reasonableness, we . . . ask whether the district court properly calculated the Guidelines range."). And he says that he preserved his challenge to the enhancements because he denied having a gun at the end of the sentencing hearing.

In response, the government argues that Bush's challenges to the enhancements are unreviewable because he either waived them or invited the errors. The government also says that, even if we could review the challenges, Bush forfeited them, and they fail under plain-error review.

Identifying whether waiver, invited error, or forfeiture applies to a claim can make a difference because we don't review waived claims, and we review invited errors only when necessary to prevent manifest injustice. *See United States v. Cabbage*, 91 F.4th 1228, 1231 (6th Cir. 2024). But here, Bush's challenges to the enhancements don't hinge on whether his actions precluded our review. At a minimum, Bush forfeited his challenges to the enhancements by not objecting to them. *See United States v. Montgomery*, 998 F.3d 693, 698 (6th Cir. 2021). In which case, plain-error review applies. *Id.* And under that standard, Bush's challenges to the enhancements fail.

To prevail under plain-error review, Bush must show that applying each enhancement was an "(1) error (2) that was obvious or clear, (3) that affected [his] substantial rights and (4) that

affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc) (citation modified).

Resisting plain-error review, Bush argues that he preserved his challenges to the enhancements. He points to the moment in the sentencing hearing when he said, "I never had a gun," in reference to the 2022 incident. R.91, Sentencing Hr'g Tr., PageID 296. And he characterizes this remark as an objection to the enhancements. But even if this cursory remark could be construed as an objection to the enhancements, Bush's "I never had a gun" statement was about the 2022 incident—not the 2023 assault that led to his arrest and provided the basis for the enhancements. So there's no merit to the contention that Bush's remark preserved a challenge to the enhancements. And regardless, Bush can't prevail because both of his challenges fail on the first step: Neither the application of the in-connection-with-a-felony enhancement nor the stolen-firearm enhancement was an error.

For both enhancements, Bush argues that the district court erred in applying them because the indictment didn't allege the facts that the court must find to apply the enhancements. But Bush is wrong. For enhancements in a federal prosecution, the government must charge only the facts that would increase the mandatory minimum penalty or increase the defendant's penalty beyond the mandated maximum. *See United States v. Cotton*, 535 U.S. 625, 627 (2002); *United States v. Powell*, 847 F.3d 760, 782 (6th Cir. 2017); *United States v. Ely*, 750 F. App'x 411, 413–14 (6th Cir. 2018) (noting that "judicial factfinding that increases the penalty for a crime is unconstitutional" but "judicial factfinding that affects the Guidelines range" is not). A felon-in-possession violation doesn't carry a mandatory minimum sentence but carries a maximum of 15 years' imprisonment. *See* 18 U.S.C. § 924(a)(8). Neither enhancement established a mandatory minimum or maximum penalty above what was statutorily prescribed for a felon-in-possession

violation. So the government didn't need to include in its indictment the facts required to apply the enhancements.

Bush's remaining challenges to the in-connection-with-another-felony enhancement also fail. He contends that the district court made a factual error because there was insufficient evidence to show that he pointed a gun at the other driver. Yet the presentence report described how Bush did exactly that. And not only did Bush fail to produce evidence contradicting the facts set forth in the presentence report, but he accepted the report's facts as true in his sentencing memorandum and at the sentencing hearing. The district court, therefore, was "entitled to rely on those facts when sentencing" Bush. *United States v. Geerken*, 506 F.3d 461, 467 (6th Cir. 2007).

Relying on *United States v. Kilgore*, 749 F.3d 463 (6th Cir. 2014), Bush also argues that the district court couldn't apply the enhancement because the felonious assault wasn't separate from the felon-in-possession offense. To apply the enhancement, there must be "a separation of time between the offense of conviction and the other felony offense, and a distinction of conduct between that occurring in the offense of conviction and the other felony offense." *United States v. King*, 341 F.3d 503, 506 (6th Cir. 2003) (citation modified). Just like in *King*, where we upheld the application of the enhancement because the defendant "first *possessed* the gun (offense of conviction) and then *used* the gun (enhancement conduct)" to assault someone, Bush's possession of the gun and use of it to assault someone were temporally separate and behaviorally distinct. *Id.* So the district court didn't err.

*Kilgore* doesn't help Bush. There, the defendant had illegally obtained guns as a convicted felon by stealing them. *Kilgore*, 749 F.3d at 463. At sentencing, the district court applied both an enhancement for the theft of the guns and the in-connection-with-another-felony enhancement, with the theft as the other felony. *Id.* at 463–64. We held that the district court erred by applying

the in-connection-with-another-felony enhancement because the theft wasn't separate and distinct from possessing the guns, which was the offense of conviction. *Id.* at 464–65. But there, the defendant would've "inevitably possessed firearms upon completion of the [theft] because the firearms were among the items taken." *King*, 341 F.3d at 507. In contrast, once Bush possessed the guns illegally, he "could have refrained from using the weapon to commit assault." *Id.* So *Kilgore* is an inapt comparison. Instead, *King* controls.

Finally, Bush argues that the stolen-firearm enhancement, U.S.S.G. § 2K2.1(b)(4)(A), applies only if he knew or reasonably should've known that the gun was stolen. But the stolen-firearm enhancement doesn't contain a knowledge requirement. *United States v. Palos*, 978 F.3d 373, 375 (6th Cir. 2020); *United States v. Webb*, 403 F.3d 373, 384 (6th Cir. 2005). And the lack of a knowledge requirement in a sentencing enhancement doesn't violate due process. *See United States v. Seuell*, 135 F.4th 480, 485 (6th Cir. 2025). The district court, therefore, could properly apply the stolen-firearm enhancement "even absent evidence that the defendant knew the [firearm] was stolen" or should've known that it was. *Webb*, 403 F.3d at 384; *see also* U.S.S.G. § 2K2.1 cmt. n.8(B).

**B.**

Turning to Bush's remaining arguments, he argues that the sentence was procedurally unreasonable because the district court didn't rule on his request for a downward departure and inadequately explained why his mental health wasn't a mitigating factor. He also raises a substantive-unreasonableness challenge by arguing that the court didn't properly weigh mitigating

factors, like his mental health and his pretrial conduct. But Bush's claims don't withstand a review of the record.

"We generally review a claim of procedural or substantive unreasonableness under the deferential abuse of discretion standard." *United States v. Hymes*, 19 F.4th 928, 932–33 (6th Cir. 2021). And though the parties dispute whether plain-error review should apply to some of these remaining claims, we needn't resolve that dispute because we can affirm even without the added deference of plain-error review.

For a procedural-reasonableness challenge, we ask whether the district court committed a "significant procedural error, such as . . . failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007). And, when the defendant appeals, a substantive-reasonableness challenge is a claim that the sentence is too long. *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018). A sentence can be unreasonably lengthy "when the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor." *United States v. Sexton*, 512 F.3d 326, 332 (6th Cir. 2008) (citation modified).

Bush first argues that his sentence was procedurally unreasonable because the district court didn't rule on his request for a downward departure. At the sentencing hearing, the court stated that it had evaluated Bush's arguments in his sentencing memorandum. After Bush's counsel chose to rest on his brief, the court explained its reasoning. It acknowledged that U.S.S.G. § 5K2.13—which has since been removed from the Guidelines, *see* U.S. Sentencing Guidelines Manual App. B at 133, 204 (U.S. Sent'g Comm'n 2025)—authorized a downward departure if the defendant committed the offense while suffering from a significantly reduced mental capacity that contributed substantially to the commission of the offense. But § 5K2.13 didn't authorize

departure if the reduced mental capacity was caused by the voluntary use of drugs or other intoxicants, the defendant's offense involved a serious threat of violence, or the defendant's criminal history indicated a need to incarcerate the defendant to protect the public. U.S.S.G. § 5K2.13 (repealed Nov. 1, 2025). The court found that these exceptions applied to Bush's case, so it rejected the downward departure and concluded by stating, "I will not depart." R.91, Sentencing Hr'g Tr., PageID 278. So we reject Bush's characterization of the record; the district court ruled on Bush's request for a downward departure after explaining its reasoning.

Next, Bush argues that his sentence was procedurally unreasonable because the district court inadequately explained why it didn't view Bush's mental health as a mitigating factor. When reviewing the adequacy of the district court's explanation, "[w]e simply ask whether the district court showed its work such that we can meaningfully review how and why it crafted a sentence." *Potts*, 947 F.3d at 371.

A defendant's mental health isn't always a mitigating factor, particularly when the defendant's mental health issues present a danger to the public. *See, e.g.*, *United States v. Owen*, 940 F.3d 308, 317–18 (6th Cir. 2019); *United States v. Tolbert*, 459 F. App'x 541, 547–48 (6th Cir. 2012); *United States v. Mills*, 364 F. App'x 217, 220–21 (6th Cir. 2010). Here, the court adequately explained why Bush's mental health wasn't a mitigating factor. The court recognized that mental health is sometimes a mitigating factor but explained why it wasn't in Bush's case. It noted that Bush's mental health issues led him to "antagonize strangers with little to no provocation." R.91, Sentencing Hr'g Tr., PageID 288–89. And that behavior, along with Bush's past unwillingness to participate in mental health treatment, presented "a danger to the public." *Id.*, PageID 290.

Turning to Bush's substantive-reasonableness challenge, the district court didn't abuse its discretion in weighing the § 3553(a) factors. We give district courts the "benefit of the doubt when we review their sentences and the reasons given for them." *Vonner*, 516 F.3d at 392. And we presume that within-Guidelines sentences are reasonable, which adds an extra layer of difficulty for the defendant. *United States v. Simmons*, 587 F.3d 348, 365 (6th Cir. 2009); *United States v. Madden*, 515 F.3d 601, 613 (6th Cir. 2008) ("This presumption exists precisely because a sentence that both the Sentencing Commission and the sentencing judge agree on significantly increases the likelihood that the sentence is a reasonable one." (citation modified)).

The district court viewed the violent nature of Bush's offense and his past violent crimes as aggravating factors but didn't view Bush's drug use as much of a concern. And it regarded Bush's possession of weapons while on bond and his history of non-compliance with court orders as aggravating. As stated already, the court believed Bush's mental health issues presented a danger to the public. So it denied Bush's request for a variance, viewing "the seriousness of the offense and protection of the public" as the most important considerations guiding its decision. R.91, Sentencing Hr'g Tr., PageID 290–91. The district court's emphasis on protecting the public wasn't an abuse of discretion. *See Sexton*, 512 F.3d at 332 ("Considering the deleterious effect that [cocaine trafficking] would naturally have on a community, it was not unreasonable for the district court to give less weight to [the defendant's] personal characteristics."). And though Bush says that the court ignored his pretrial conduct, Bush's active participation in mental health treatment during pretrial confinement is what motivated the court to select the low end of the Guidelines range, an 84-month sentence.

Finally, Bush says that the district court should've afforded more weight to his mental health issues and pretrial conduct. But that argument "ultimately boils down to an assertion that

the district court should have balanced the § 3553(a) factors differently." *Id.* Such an argument "is simply beyond the scope of our appellate review, which looks to whether the sentence is reasonable, as opposed to whether . . . we would have imposed the same sentence." *Id.* (citation modified). So Bush falls short of overcoming the presumption of reasonableness we apply to the district court's within-Guidelines sentence.

## III.

For these reasons, we affirm the district court's judgment.